## Klingensmith *v.* West Penn Railways Co., Appellant.

488

Argued March 16, 1931. Before FRAZER, C. J., WALL-ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*H. A. Heilman,* with him *Guy C. Christy,* for appellant.—Plaintiff was guilty of contributory negligence: Cunningham v. Traction Co., 240 Pa. 194; Boring v. Traction Co., 211 Pa. 594; Crooks v. Rys., 216 Pa. 590; Patton v. George, 284 Pa. 342; Uhlig v. Traction Co., 287 Pa. 586; Schuchalter v. Traction Co., 288 Pa. 189.

Care is required of a passenger who assumes that a street car will stop as scheduled: Patton v. George, 284 Pa. 342; Barton v. Transit Co., 283 Pa. 577; Ervay v. Traction Co., 240 Pa. 440; Crooks v. Rys., 216 Pa. 590.

In view of the uncontradicted facts, plaintiff's case is in no way aided by his statement that he looked at the edge of the track before he attempted to cross: Zandras v. Moffett, 286 Pa. 477; Maue v. Rys., 284 Pa. 599; Lessig v. Transit & Light Co., 270 Pa. 299; Weaver v. Pickering, 279 Pa. 214; Watson v. Lit Bros., 288 Pa. 175.

The question of speed becomes material only when neither sight nor sound can avail the traveler: Tolson v. Traction Co., 248 Pa. 227.

*Charles E. Harrington,* with him *Harry P. Boarts,* for appellee.—Absolute accuracy of judgment is not necessary. The test is, whether plaintiff, acting as an ordinarily prudent person, had a right to rely on the custom of the street car to stop, or, at least, to reduce its speed when approaching the station: Weschler v. Traction Co., 293 Pa. 472; Mellinger v. Traction Co., 92 Pa. Superior Ct. 332; Morris v. Rys., 256 Pa. 390; Flounders v. Traction Co., 280 Pa. 85; Knobeloch v. Rys., 266 Pa. 140; Shields v. Traction Co., 261 Pa. 422.

The relation of carrier and passenger commences when a person, with intention of taking passage, and with the express or implied consent of the carrier, places himself in a situation to avail himself of the facilities for the transportation which the carrier offers: Powell v. Rys., 220 Pa. 638; Mack v. Rys., 247 Pa. 598; Stankowcz v. R. R., 62 Pa. Superior Ct. 125; Hall v. R. R., 36 Pa. Superior Ct. 556; Bockelcamp v. R. R., 232 Pa. 66; Weschler v. Traction Co., 293 Pa. 472; Myers v. Rys., 242 Pa. 502; Davidson v. Traction Co., 4 Pa. Superior Ct. 86.

Plaintiff was not guilty of contributory negligence, nor did he test a manifest danger: Weiss v. Rys., 301 Pa. 539; Schmidt v. Traction Co., 253 Pa. 502; Spahr v. Rys., 50 Pa. Superior Ct. 602; Murphy v. Traction Co., 285 Pa. 399.

OPINION BY MR. JUSTICE KEPHART, April 13, 1931:

Defendant's inter-urban street car line passes through a farming district between Leechburg and Apollo and at Klingensmith "Y," where appellee lives, there is a regular stop for passengers. Defendant maintained a shelter for passengers at this place. It was located along the "Y" about 30 feet north of the main track.

There was an overhead light there and also two lights on a pole alongside the main track which indicated the approach of a car. A path led from the shelter to the opposite side of the track. Persons intending to go to Apollo by trolley who used the shelter while waiting or who came from the north had to proceed across the track on this path to board the car. A car was scheduled to stop at Klingensmith "Y" at 6 : 10 a. m. Plaintiff wished to take this car to go to his work at Apollo. It was dark when he left his home a few hundred feet north of the station, after seeing the light flash which indicated the approach of the car and after hearing the car whistle for a road crossing about 250 feet away. After passing the shelter station he observed the car approaching but believed that it was still about 200 feet away. He then stepped on the track, with the purpose of crossing to board it. This car was not the one scheduled but was a special, running on the scheduled time. It approached the station at a speed of 35 miles an hour, passing it without signal and without lowering speed, and struck appellee just as he was stepping off the track on the side opposite to the shelter station. After the accident the car ran about 400 feet before stopping. From the judgment on a verdict for plaintiff in the court below defendant appeals.

Defendant does not contend that it was not negligent. In fact defendant admits that it was negligent, but attempts to excuse itself from liability by contending that plaintiff was guilty of contributory negligence as a matter of law. To do this defendant must show that plaintiff failed to use the care a reasonably prudent man would use under the circumstances.

Plaintiff was not under any duty to anticipate defendant's negligence (Schaeffer v. Reading Transit Co., 302 Pa. 220; Weis v. Pittsburgh Ry. Co., 301 Pa. 539, and cases there cited), and plaintiff's duty was to guard against injury from a car approaching at a reasonable speed and under proper control.

This case is not exactly like that of a pedestrian at a public crossing, but is one of an intending passenger wishing to take a car at the station where a car regularly stopped at that hour and at a place where he must cross the tracks to be on the side where the car door was located. Cases of pedestrians injured at a public crossing in attempting to cross a street where a car is expected to stop in a city, while important, are not always controlling when applied to country districts. Here we have a person injured who is an intending passenger wishing to board the car and who knows it is scheduled to stop at that place and at that time. It is not a case where a person steps directly in front of an approaching car and is struck the instant he steps between the rails or on the track and is negligent in not exercising the care of a prudent person. See Patton v. George et al., 284 Pa. 342.

The car was traveling on the scheduled time of a regular car which was required to stop at this place. The morning was very dark and both distance and speed could not be accurately measured and could easily be misjudged by one looking at the approaching car. Appellee traveled the walk provided by defendant to board the car. He had a right to assume that it was the regular car and would stop. He was mistaken; the mistake in this assumption was not the result of his carelessness but was induced by defendant, and plaintiff should not be held negligent in doing an act which he believed was proper and that he had been encouraged to believe proper by the one who injured him. Plaintiff had the right to assume from defendant's schedule that the car would stop; he was not bound to anticipate that defendant would disregard its representation that the car would stop, and, if it did not, that it would negligently pass the station without warning and with undue speed. When he saw the car coming and it was a sufficient distance away for him to cross if operated in a reasonable manner, he was not bound to wait simply

because the car was in sight. He believed he had ample time to cross, if the car was run at the usual rate of speed. The question of contributory negligence was properly for the jury: Schaeffer v. Reading Transit Co., supra; Murphy v. P. R. T. Co., 285 Pa. 399.

The defendant insists that the "incontrovertible physical facts" rule applies and convicts plaintiff of contributory negligence. Plaintiff's statement was that defendant's car was 200 feet away when he started to cross the track. Defendant attempts to show by "incontrovertible physical facts" that its car was only 45 feet away from the plaintiff when he started to cross. These facts are established by defendant by a mathematical calculation of plaintiff's speed in walking across the tracks compared with the speed of the oncoming trolley. But plaintiff's testimony contradicts the evidence of speed. In Schaeffer v. Reading Transit Co., supra, the court held that " 'the position of a moving object that causes injury, as shown by certain evidence, cannot be called an "incontrovertible physical fact" when other evidence ......shows the position of the object to be elsewhere at the time of the accident.' The facts which appellant contends are fixed are only estimates. Appellee may have been going faster than he thought or appellant may have been going slower." Plaintiff may have thought the defendant's car was 200 feet away when in fact it was much nearer. He may have misjudged its distance. The rule has no application to this case.

The judgment of the court below is affirmed.