Dickun *v.* Pittsburgh Railways Co., Appellant.

Argued March 16, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*D. H. McConnell,* with him *J. R. McNary,* for appellant, cited: Walker v. Traction Co., 97 Pa. Superior Ct. 7; Gavin v. Transit Co., 271 Pa. 73; Giles v. Bennett, 298 Pa. 158.

*James J. Lawler,* with him *Charles B. Prichard,* for appellee, cited: Murphy v. Transit Co., 285 Pa. 399; Giles v. Bennett, 298 Pa. 158; Dangelo v. R. R., 301 Pa. 579; Shields v. Transit Co., 261 Pa. 422; Emmelt v. Transit Co., 89 Pa. Superior Ct. 417; Haughey v. Rys., 210 Pa. 363; Killmeyer v. Wheel Co., 243 Pa. 110; Kilpatrick v. Transit Co., 290 Pa. 288; P. R. R. v. Goodman, 62 Pa. 329.

OPINION BY MR. JUSTICE KEPHART, April 27, 1932:

Appellants operate a two-track trolley system on the north side of Duquesne Boulevard in Kenmore, a sparsely built suburban district of the City of Pittsburgh. The deceased, in an effort to board one of its trolley cars, crossed Duquesne Boulevard to a brick paved platform for passengers on the south side of the tracks, and then proceeded to cross the two tracks to a similar platform on the north side. These platforms were used by passengers to board or alight from cars. She had proceeded but a few steps on the second track, on which the car was running, when she was struck by it, receiving injuries from which she subsequently died.

It is the contention of the appellant that it was not guilty of negligence and that the deceased was guilty of contributory negligence as a matter of law. There is ample evidence to sustain the charge of negligence. The car was not a regular one, but was a special running at a speed of 25 to 30 miles an hour. There was no whistle or gong sounded, nor was any effort made to check the speed of the car passing the station. It ran

from 100 to 110 feet beyond the stopping place after striking her.

Deceased was under no duty to anticipate defendant's negligence; her duty was only to guard against injury from a car approaching at a reasonable speed and under proper control: Klingensmith v. West Penn Rys. Co., 303 Pa. 487, 490. The case is not similar to that of a pedestrian at a public crossing in an urban district, but is one of an intending passenger wishing to take a car at a station where the car regularly stops, and where it is necessary to cross the tracks to be on the side where entrance to the car is obtained. This distinction was pointed out in Klingensmith v. West Penn Rys. Co., supra, where we said that the cases of pedestrians injured at public crossings are not controlling in situations like this. Here we have a person intending to take a car that she knew was scheduled to stop at that place at that time, and it is not like the case of a person stepping directly in front of a car and being struck the instant he steps between the rails or on the track. Such person is negligent in not exercising the care of a prudent person. This person had intended to board the approaching car. She had a right to assume it was a scheduled car that would stop. She was mistaken, but the mistaken assumption was not the result of her own carelessness. It was induced by defendant, and plaintiff will not be held negligent in doing an act which she believed and had reason to believe was proper and in which she believed she would be protected by the defendant's operation of its car. She had a right to assume the car would stop, and was not bound to anticipate that it would disregard its representation both as to operation and stopping, and that it would negligently pass the stopping point at a high rate of speed without warning. Undoubtedly, when she saw the car it was sufficient distance away so that she could have gotten over the tracks if it had been operated in a reasonable manner. The question of contributory negligence in the case was proper for the jury. The

case is controlled by the principles set forth in Klingensmith v. West Penn Rys. Co., supra, and cases there cited.

Judgment affirmed.