Tyler, Appellant, *v.* Tyler et al.

Argued October 9, 1935.   Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Abram Salsburg,* with him *M. H. Salsburg,* for appellant.

*Charles B. Lenahan,* for appellee.

PER CURIAM, November 25, 1935:

Plaintiff, an invited guest in a car driven by her son, one of defendants, was injured in an automobile collision between the son's car and that of the other defendant, which happened at a "T" crossing on a public highway between Harrisburg and Lebanon. This action of trespass was originally brought by Mrs. Tyler against her son, and later Mummert was brought in on a sci. fa. as additional defendant. The latter failed to enter an appearance, file an affidavit of defense, or appear at the trial. The jury rendered a verdict against both defendants for $3,750. Subsequently, the lower court entered judgment n. o. v. for defendant Tyler, and sustained the judgment against Mummert.

The testimony shows the two cars were approaching each other from opposite directions, each car on the proper side of the roadway. Tyler was traveling about thirty-five miles an hour, whereas Mummert was moving "at a low rate of speed," and indicating his intention to make a left-hand turn across the highway into an intersecting road. In making such turn the Mummert car collided with the rear bumper of the Tyler car, toppling the latter over and causing the injuries sustained by plaintiff.

The accident occurred on a four-lane concrete highway about 9 a. m. of a clear Sunday morning. There were no other cars visible on the highway at the time. Tyler

was about 125 to 130 feet from the crossing when he observed the Mummert car approaching from the other direction. At the same instant the Mummert car was from 39 to 78 feet distant from the crossing but proceeding slowly. In these circumstances we believe the court below correctly held that Tyler was not chargeable with negligence in failing to stop to let the Mummert car proceed in front of him. The opinion of the learned judge who heard the case summarizes the situation as follows:

"The driver on the right had the right of way. Each driver knew that, but the driver on the left need not give way to him on the right if he on the left reaches the intersection so far in advance of the other as [seems] to him in the exercise of reasonably sound judgment to afford him sufficient time at the rate of speed at which he is traveling to clear the crossing. This is likewise known, or should be known, by the driver on the right and the driver on the left.

"In other words, the right of way of the person on the right must be recognized, except where in the exercise of reasonably sound judgment the driver on the left may cross in advance with safety.

"It is hardly conceivable, both cars being two and three-fifths seconds from the point of collision, one 39 to 78 feet away, the other 125 to 130 feet, and the former traveling at a much slower speed (one-third to one-fifth as fast as the latter), that the driver of the former, in turning to the left, could deem that in the exercise of reasonably sound judgment he had sufficient time, at the rate of speed at which he was traveling, to clear the crossing before the driver on his right did so at the rate he was traveling. To permit such a finding by a jury would be permitting a verdict not resting upon evidence. . . .

"He, Mummert, should have stopped. Tyler had a right to believe that he was stopping, or, in other words, that he was going to do that which it was his duty to do and on the doing of which he, Tyler, had a right to rely.

" 'Everyone to whom a duty is due has a right to assume that it will be performed. . . . He may go on the assumption that all precautions required by statute or established rule or custom will be taken': Adams v. Gardiner, Appellant, 306 Pa. 576-83."

"Had defendant [Tyler] been going one-fifth of a second faster there would have been no collision; if one-fifth of a second slower a most disastrous crash would have resulted. The cause of the accident in this case appears to have been the additional defendant permitting his car to slowly drift into Tyler's car when he should have stopped, and on his doing which Tyler had a right to rely: Weiss, Appellant, v. Pittsburgh Rys. Co., 301 Pa. 539."

The order of the lower court entering judgment n. o. v. for defendant W. C. Tyler, and sustaining the verdict as to Mummert, is affirmed.