## Dillon v. Pittsburgh Railways Company, Appellant.

Argued October 6, 1936.  Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*D. H. McConnell*, with him *J. R. McNary*, for appellant.

*Alexander Cooper*, with him *Arnold J. Lange*, for appellee.

OPINION BY MR. JUSTICE STERN, November 23, 1936:

Plaintiff, a woman thirty-eight years of age, was crossing Forbes Street from the southeast to the northeast corner of its intersection with McKee Place in the City of Pittsburgh.  Forbes Street at that point is thirty-six feet wide from curb to curb with two trolley tracks in the center.  It was 5:30 P. M. on a clear day in May, 1933, and plaintiff was on the regular line of crossing for pedestrians.  According to her version of what happened, she had looked in both directions before leaving the curb and observed automobiles a block or more away to her left coming east and a street car of defendant company to her right coming west; the car was then at Meyran Avenue, a distance from McKee Place of 368 feet.  She crossed the eastbound rails in safety and came to the dummy or space between the tracks; there she looked and saw that the car was at Semple

Street, a distance from her of approximately 200 feet; there was an automobile traveling west between the car and the north curb. Plaintiff says she then glanced to the rear and found that there was eastbound traffic right behind her, preventing her from retracing her steps. After pausing to allow the westbound automobile to pass, she started across the far track. At that time the car, according to her story, was "a little past Semple Street," which she explained as meaning about one-quarter of the way from Semple Street to McKee Place, or about 150 feet from plaintiff. The car struck her as she was about to step from the farthermost rail.

One of the passengers on the car which struck plaintiff testified that it was running at the rate of 38 to 40 miles an hour, that it went 30 or 40 feet after the accident, that the motorman was ringing up fares and not looking ahead, that plaintiff was struck by the right front of the car and thrown 12 to 15 feet, and that at the time when she started to cross the westbound track the car was 75 to 100 feet distant.

Plaintiff suffered a concussion of the brain, as a result of which she was unconscious until the following day and in a dazed condition for two or three days. She was confined to the hospital for two weeks. Her injuries consisted of lacerations and contusions, and a severe nervous shock, with headache, dizziness, sleeplessness, and occasional fainting spells. She claimed that she was unable to work from the time of the accident until the trial, a period of about three years, and that in her last previous employment she had made $25 a week.

The jury rendered a verdict for plaintiff in the sum of $3,500. The court overruled defendant's motions for judgment n. o. v. and for a new trial.

Defendant contends that plaintiff was guilty of contributory negligence as a matter of law. Apart, however, from the presence of other traffic in front and to the rear of plaintiff, it is sufficient to point out that, as above stated, the street car was, according to her story, about

150 feet away, and according to the testimony of her witness from 75 to 100 feet away, when she started to cross the westbound track, and she was just stepping off the far rail when the accident occurred. Certainly the court would not have been warranted in declaring the attempt to cross the track at such a distance from the approaching car to be an act of contributory negligence. The version of the occurrence given by plaintiff and her witness may seem improbable; perhaps it is more likely that, as testified by several witnesses on behalf of defendant, plaintiff, hurrying in order to take the westbound car, sprang across in front of it when it was but a few feet away. The determination of this question, however, was for the jury. Defendant complains that the verdict was against the weight of the evidence, but plaintiff had the support of a disinterested witness, and the court below, in the exercise of its discretion, held that a new trial should not be granted on that ground. In the absence of a clear abuse of discretion this conclusion is not subject to review on appeal: *Koch v. Imhof,* 315 Pa. 145; *O'Farrell v. Mawson,* 320 Pa. 316.

It is urged by defendant that the verdict was excessive in view of the fact that plaintiff had sustained injuries in 1930 for which she was still receiving workmen's compensation, and because there was some evidence that she was in a condition of complete disability immediately prior to the accident in the present case. Plaintiff and her physicians, however, testified that she had substantially recovered and had been actively seeking employment before sustaining the more recent injuries. The learned trial judge carefully instructed the jury that they could award no damages other than those caused or aggravated by the accident in suit, and a reading of the evidence indicates that, while the verdict was large, it was not so clearly excessive as to call for correction by the trial court and certainly not by this court on appeal.

Judgment affirmed.