## Brungo *v.* Pittsburgh Railways Company, Appellant.

Argued April 29, 1938. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ. 

*James R. Orr,* with him *J. R. McNary,* for appellant.

*Charles Lysle Seif,* of *Seif, Evashwick & Best,* for appellee.

OPINION BY RHODES, J., July 15, 1938:

This is an action of trespass arising out of a collision between defendant's street car and an automobile owned and operated by plaintiff. From the judgment in favor of plaintiff, defendant has appealed, contending that plaintiff was guilty of contributory negligence as a mat-

ter of law, and that accordingly judgment should be entered in defendant's favor non obstante veredicto.

Because plaintiff has the verdict, we are required, in reviewing the testimony, to apply the familiar rule that it must not only be read in the light most favorable to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence. *Kovacs et al. v. Ajhar et al.*, 130 Pa. Superior Ct. 149, 196 A. 876. When so viewed, it appears that on January 8, 1936, near midnight, plaintiff was operating his automobile on Grant Street, approaching its intersection with Liberty Avenue in the City of Pittsburgh. Another car was preceding him. This intersection was controlled by a traffic light, and both automobiles had to stop there because the light was red. When the light showed green, both automobiles moved across Liberty Avenue to make a slight left turn westwardly on Liberty Avenue. At that time plaintiff was about 15 to 20 feet from the track, and saw defendant's street car approaching from his left, traveling eastwardly on Liberty Avenue, about the same distance away. The first automobile crossed the eastbound track safely, about 5 or 6 feet in advance of plaintiff. When plaintiff reached the first rail of the eastbound track on which defendant's street car was traveling, he saw that it was 13½ feet away, estimating the distance by comparing it to the distance between the witness stand and the end of the jury box. The street car was traveling slowly. Thinking that it was going to stop, he continued across the track, and his automobile was struck at the left rear door, turning it around so that it came to rest facing in the direction from which it had come.

While there was no direct evidence to that effect, inferentially, the traffic signal for the street car was

red at the time it was green for plaintiff, and in its statement of the question involved, defendant assumes that such was the case.

Defendant does not contend that its street car was not negligently operated. The sole question involved is whether plaintiff must be held contributorily negligent as a matter of law.

Plaintiff was obliged to present a case which disclosed that he exercised due care or was free from negligence (*Adams v. Gardiner*, 306 Pa. 576, 160 A. 589; *Goldberg et al. v. Philadelphia Rapid Transit Co.*, 299 Pa. 79, 149 A. 104), but conflicts in plaintiff's testimony leaving the question of his contributory negligence in doubt require the jury to decide the real facts in relation thereto notwithstanding the conflict (*Cronmuller v. Evening Telegraph*, 232 Pa. 14, 81 A. 58).

Plaintiff testified that he first observed the street car proceeding in an easterly direction on Liberty Avenue about 15 or 20 feet away when his automobile was about 15 or 20 feet from the first rail of the car tracks, and that at that time the street car was slowing down. As he reached the first rail, he saw the street car about 13½ feet distant. Under all the circumstances he had a right to assume that it was going to stop, or at least that the motorman had the car under control. Plaintiff had the green light in his favor, and from the evidence it may be inferred that the street car had the red light against it. The automobile which preceded plaintiff crossed the tracks 5 or 6 feet ahead of him.

It is true that plaintiff's testimony was somewhat conflicting as to distances. However, the distance of 13½ feet, which was the distance of the street car from his automobile as the latter reached the first rail of the car track, was established by plaintiff's indicating two points in the courtroom. A witness for plaintiff

testified substantially to the same effect. Defendant places much emphasis on the fact that plaintiff testified as follows: "Q. Now, was that car in motion or stopped, and, if so, what was the speed of the street car, what was it doing? A. First going. I think myself the car is going to stop and me take a chance, because I got a green light." But plaintiff also testified: "Q. With the street car that distance away [13½ feet] when you were on the first rail, you did what? A. When I saw that the street car was slowing down, and I seen it was going to stop, then I made my attempt to pass on the rails."

We think the testimony considered in its entirety presents a case for the jury as to plaintiff's contributory negligence. See *Adams v. Gardiner,* supra. Plaintiff had difficulty in expressing himself in English, and his expression "take a chance" was not in itself sufficient to require the court below to find that he was guilty of contributory negligence as a matter of law. The jury could properly conclude that plaintiff meant to convey by this expression the same thought he expressed when he testified "then I made my attempt to pass on the rails." The proper course in interpreting the testimony of witnesses is to adopt that sense of the words which best harmonizes with the context. *Ferguson v. Charis,* 314 Pa. 164, 172, 170 A. 131. Moreover, the drawing of inferences from the testimony and from attendant circumstances was for the jury. *Ferguson v. Charis,* supra.

It was plaintiff's duty to approach the crossing with his automobile under such control that it could be stopped if danger was imminent. But he was not required to wait until defendant's street car had passed simply because it was in sight as he approached the car tracks, if, under the circumstances, there was a reasonable opportunity to cross. Elements entering into the question of reasonable time are the distance the street

car was from him, and the speed at which the street car and his automobile was traveling. *Flounders v. Southern Pennsylvania Traction Co.*, 280 Pa. 85, 124 A. 323. Absolute accuracy of judgment was not required on the part of plaintiff. *Kilpatrick v. Philadelphia Rapid Transit Co. (Carlin v. Same)*, 290 Pa. 288, 138 A. 830; *Maselli v. Stephens*, 331 Pa. 491, 200 A. 590.

Although plaintiff did not estimate the speed of the approaching street car in miles per hour, that was not necessary to establish his case free from contributory negligence. "The test must be whether he acted as a reasonably prudent person would act under all the circumstances. If the testimony left that question in doubt, and we think it did, the case was for the jury: *Weschler v. Buffalo and L. E. T. Co.*, supra [293 Pa. 472, 143 A. 119]": *Powell v. Pittsburgh Railways Co.*, 110 Pa. Superior Ct. 268, at page 274, 168 A. 369, at page 372.

While, as defendant contends, the green or "go" signal was merely a qualified permission to proceed lawfully and carefully in the direction indicated, and did not relieve plaintiff of the duty to look, we are of the opinion that the facts in the instant case warranted the jury in finding that plaintiff complied with this requirement. *Cf. Byrne et al. v. Schultz et al.,* 306 Pa. 427, 160 A. 125.

It was the duty of defendant to stop its street car in obedience to the traffic signal, as the superior right of way belonged to plaintiff whose course was favored by the signal, and who arrived at the intersection first. See *Galliano v. East Penn Electric Co.*, 303 Pa. 498, 504, 154 A. 805. He was entitled to assume that, as the street car was in full view and slowing down, it would be operated with due care. *Kilpatrick v. Philadelphia Rapid Transit Co. (Carlin v. Same)*, supra. " 'Everyone to whom a duty is due has a right to as-

sume that it will be performed. ...... He may go on the assumption that all precautions required by statute or established rule or custom will be taken': 20 R. C. L., Section 101, page 117": *Adams v. Gardiner*, supra, 306 Pa. 576, at page 583, 160 A. 589, at page 591. See *Tyler v. Tyler et al.*, 319 Pa. 496, 499, 181 A. 477. Plaintiff having the right to rely on such assumptions, his failure to anticipate defendant's negligence does not prevent recovery. *Adams v. Fields*, 308 Pa. 301, 305, 162 A. 177. In *Balkie v. Philadelphia Rapid Transit Co. (Lincy v. Same)*, 331 Pa. 93, at page 95, 200 A. 52, at page 53, in an opinion by Mr. Justice DREW, our Supreme Court said: "It is contended that the driver of the fire truck was not entitled to assume that the motorman would respect his superior right at the intersection. We are firmly of the contrary opinion. It is true that the driver of a motor vehicle may not proceed blindly in reliance upon his right of way *(Mathiasen v. Brennan*, 318 Pa. 577 [179 A. 438]; *Byrne v. Schultz*, 306 Pa. 427 [160 A. 125]) but when a pedestrian or driver has the right of way and sees the approach of an automobile or street car giving all indication that it will yield to his superior right he may proceed on the assumption that it will: *Christ v. Hill Metal & Roofing Co.*, 314 Pa. 375 [171 A. 607]; *Dickun v. Pittsburgh Rys. Co.*, 308 Pa. 20 [161 A. 739]; *Ehrhart v. York Rys. Co.*, 308 Pa. 566 [162 A. 810]; *Dopler v. Pittsburgh Rys. Co.*, 307 Pa. 113 [160 A. 592]; *Galliano v. East Penn Electric Co.*, supra [303 Pa. 498, 154 A. 805]; *Murphy v. P. R. T. Co.*, 285 Pa. 399 [132 A. 194]."

Plaintiff had reached the intersection in advance of the street car, which was the only traffic on Liberty Avenue in the vicinity of the intersection. He had the green light to proceed. He had observed the approaching street car both before and at the time he entered upon the street car tracks. At the time of the last

observation the car was more than 13 feet away and slowing down as if to stop in obedience to the red signal. Plaintiff was entitled to rely on those circumstances. See *Graff v. Scott Bros., Inc.,* 315 Pa. 262, 172 A. 659. There was nothing in the circumstances to warn plaintiff that defendant would not observe due care as it was required to do. *Cf. Stoudt v. Philadelphia R. T. Co.,* 97 Pa. Superior Ct. 295. The question of plaintiff's contributory negligence was for the jury, as well as defendant's negligence, and the jury could have properly concluded that there was ample time for plaintiff, acting as a reasonably prudent person should, to have cleared the car tracks if reasonable care had been exercised by the motorman in approaching the intersection. *Schaeffer v. Reading Transit Co.,* 302 Pa. 220, 223, 153 A. 323; *Powell v. Pittsburgh Railways Co.,* supra, p. 274.

Giving consideration to all the testimony, this is not a case where plaintiff can be declared guilty of contributory negligence as a matter of law.

Judgment is affirmed.