**Swilley *v.* Philadelphia Transportation Company, Appellant.**

468

Argued October 7, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J., absent).

*Jay B. Leopold,* with him *Bernard J. O'Connell,* for appellant.

*J. Kennard Weaver,* for appellee.

OPINION BY RHODES, J., November 10, 1943:

Defendant's motion for judgment n.o.v. was overruled, and from this action of the court below it has appealed; its motion for a new trial was granted.

Defendant maintains that plaintiff is precluded from recovery because he was guilty of contributory negligence.

Plaintiff was driving his automobile east on Chestnut Street, Philadelphia, about 15 miles per hour, on a dry clear morning. His automobile and defendant's

trolley car collided at Fifteenth and Chestnut Streets. Chestnut Street has one-way traffic eastward, and Fifteenth Street has one-way traffic southward. Chestnut Street is 26 feet from curb to curb with sidewalks 18 feet wide and a car track in the center. On Fifteenth Street north of Chestnut Street the west sidewalk is 12 feet wide. Just north of Chestnut Street the distance between the west curb of Fifteenth Street and the first or west car rail is 10 feet 2 inches; the distance between car rails is 5 feet 2 inches. Plaintiff was about 36 feet from the west house line of Fifteenth Street when the traffic lights at the intersection turned green. Plaintiff saw the trolley car about 100 feet north on Fifteenth Street when he was about 8 feet from the west house line of Fifteenth Street. When he was about even with the house line the trolley car was about 50 feet up Fifteenth Street. He proceeded to cross the intersection in the north cartway about 5 miles per hour with the traffic lights still green in his favor, and looked northward again as he approached the Fifteenth Street car tracks. When he was about 5 feet from the west rail, and could have stopped in safety, the trolley car was then about 26 feet to his left and appeared to him to be stopping. He continued across the intersection about 5 miles per hour. As he was crossing the trolley tracks the front of the trolley car crashed into the middle of the left side of his automobile; the front of his automobile was then about 5 feet over the second or east car rail.

While it has been said that a driver cannot dispense with due care on his part by relying solely on the help of an officer or mechanical device (*Byrne et al. v. Schultz et al.*, 306 Pa. 427, 433, 160 A. 125), plaintiff, as the testimony discloses, did not place full reliance upon the traffic light which was in his favor, but he also relied upon the circumstance that the trolley car which had been moving at 12 to 15 miles per hour was slowing

down as it approached the intersection and appeared to be about to stop at the usual place.

We cannot say, as a matter of law, that plaintiff was obliged to anticipate that the trolley car, instead of coming to a complete stop at the pedestrian crossing with plaintiff in full view in front of it in the intersection, would come only to a "slow station stop" and then continue across the intersection with the red signal against it. See *Brungo v. Pittsburgh Rys. Co.*, 132 Pa. Superior Ct. 414, 200 A. 893; *Shearer v. Pittsburgh Rys. Co.*, 145 Pa. Superior Ct. 560, 21 A. 2d 482.

We are of the opinion that the alleged contributory negligence of plaintiff was, under the circumstances, a factual issue for the jury.

Order is affirmed.