Van Note, Appellant, *v.* Philadelphia Transportation Company.

Argued November 28, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

278

*Henry P. Carr,* for appellant.

*Marshall A. Coyne,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, January 7, 1946:

Leon Van Note, appellant, instituted this action in trespass against Philadelphia Transportation Company, appellee, to recover for personal injuries sustained when a trolley car owned and operated by appellee continued through a red traffic signal, crossed an intersection, and struck appellant. A jury returned a verdict in favor of appellant. The court below granted appellee's motion for judgment *non obstante veredicto* and, for that reason, refused its motion for a new trial. This appeal followed.

On April 12, 1944, at 10:30 P. M., appellant alighted from a northbound trolley car at the intersection of Fifth and Chew Streets, Philadelphia. Each street is 50 feet wide. There are no trolley tracks on Chew Street. Appellant proceeded to the southeast corner of said intersection, waited until the traffic light was green in his favor, and then started across Fifth Street. He observed appellee's southbound trolley car about 75 to 80 feet north of the intersection of Fifth and Chew Streets, or stepped into the south-bound trolley track when an automobile going east on Chew Street turned directly in front of him and proceeded south on Fifth Street. This car came within two feet of striking appellant and he paused for two or three seconds to allow it to pass. Thereafter appellant looked for the trolley and saw it 15 to 20 feet away, it having ignored a red traffic signal

light and continued into the intersection. He immediately turned to his left and took a step backwards when he was struck by the oncoming trolley and thrown 20 to 30 feet through the air. The trolley had been traveling about 35 miles per hour as it proceeded toward Chew Street. It slowed down to about 30 miles per hour as it crossed the intersection.

This case was tried twice. The first trial resulted in a verdict for appellant in the amount of $5,000. A new trial was granted and resulted in an identical verdict. The court below granted appellee's motion for judgment *non obstante veredicto* for the reason that Van Note was guilty of contributory negligence as a matter of law and, for that reason, dismissed its motion for a new trial.

Appellee contends that (1) Van Note was guilty of contributory negligence as a matter of law in remaining on the track with knowledge that a trolley car was approaching 125 feet away and in not looking until said trolley was within 15 or 20 feet of him, and (2) it is no excuse that he failed to look because his view was obstructed by the automobile which suddenly turned immediately in front of him.

"Contributory negligence will be judicially declared only where it is so clear that there is no room for fair and reasonable persons to disagree . . .": *Cox v. Scarazzo*, 353 Pa. 15, 17, 44 A. 2d 294 at 295. Viewing the evidence in a light most favorable to appellant and giving him the benefit of all inferences which might be deduced therefrom, it cannot be said that he was guilty of contributory negligence as a matter of law in failing to remove himself from the track in sufficient time to prevent being struck. Appellant was not bound to anticipate that a trolley car 125 feet away would disregard a traffic signal, continue through the intersection, and strike him when he, having committed himself to the crossing with the traffic signal in his favor, stopped for two or three seconds to allow a vehicle to pass in front of him. In *Dillon v. Pittsburgh Rys. Co.*, 324 Pa. 340,

188 A. 106, plaintiff started to cross a street when a trolley car was 200 feet away. She paused to allow an automobile to pass. The trolley had then come to within 150 feet. She could not have retraced her steps because of traffic, and continued to cross. When about to step from the farthermost rail she was struck by the trolley. Her contributory negligence was held to be a question for the jury.

While one may not dispense with due care and rely entirely upon traffic signals (*Byrne v. Schultz*, 306 Pa. 427, 433, 160 A. 125) there is no duty to anticipate that a trolley car approaching an intersection will slow down and then proceed through a red light: *Swilley v. Philadelphia Transportation Co.*, 153 Pa. Superior Ct. 467, 469, 34 A. 2d 270, 271. Contributory negligence has been held to be a question for a jury when the red light changed to green and plaintiff stopped between the third and fourth rails. In *Sonil v. Pittsburgh Railways Co.*, 122 Pa. Superior Ct. 169, 172, 186 A. 183, 184, the court said: "Plaintiff was not bound to anticipate the negligent operation of the car through a red light, if it was changed after plaintiff stepped between the third and fourth rails." Contributory negligence was there held to be a question for the jury. In *Taylor v. Philadelphia R. T. Co.*, 107 Pa. Superior Ct. 124, 163 A. 538, the court held contributory negligence to be a question for the jury when the light had turned to amber and the trolley continued through the signal.

The rule stated in *Pessolano v. Philadelphia Transportation Co.*, 349 Pa. 73, 36 A. 2d 497, is inapplicable here. It was there held to be contributory negligence as a matter of law for a plaintiff to step onto a track *immediately* in front of an oncoming trolley car. In the instant case appellant started to cross as soon as the light turned green in his favor. He saw the trolley 125 to 130 feet away on the other side of the intersection. The traffic light had just turned red, requiring the trolley to stop as it reached Chew Street. Because an automobile

suddenly turned to its left and directly in front of appellant he was required, in the exercise of due care, to stop for two or three seconds while the said car passed him. As it turned in front of him it completely blocked appellant's view of the oncoming street car. After it had passed he immediately looked and saw appellee's trolley car 15 to 20 feet away. He attempted to step back but was struck before he could do so.

It was for the jury to say whether appellant acted as a reasonable person under the circumstances, and the court below was in error in entering judgment *non obstante veredicto* for appellee.

Judgment is reversed, the motion for a new trial is reinstated and the record remanded to the court below, with direction to pass on appellee's motion for a new trial.