## Schofield, Admr., *v.* Druschel, Appellant.

Argued May 26, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lee C. McCandless,* for appellant.

*Alvah M. Shumaker,* with him *Clyde S. Shumaker,* for appellee.

Opinion by Mr. Justice Patterson, July 6, 1948:

Edward F. Schofield, appellee, instituted separate actions in trespass against James L. Druschel, appellant, under the Survival Act of 1937, and under the Wrongful Death Statutes.[1] The causes of action arose when Druschel, driving an automobile east on Route No. 422, at night without lights, and on the wrong side of the road, collided with the automobile driven by Schofield and proceeding west. As a result of the collision Ruth V. Schofield, appellee's wife, sustained injuries which resulted in her death. Edward F. Schofield was joined as an additional defendant in both actions and the cases were consolidated and tried together. A jury returned verdicts against appellant in the death action for $10,000 and in the survival action for $800. Verdicts were returned in appellee's favor as additional defendant. These appeals are from the judgments of the court below dismissing appellant's motions for judgment *non obstante veredicto* and for a new trial.

The evidence considered most favorably to appellee, and giving him the benefit of all inferences and deductions reasonably to be made therefrom, warrants the following statement of facts: Edward F. Schofield, about 2:00 A. M. on November 10, 1945, was driving his car westwardly on Route No. 422, a two-lane concrete highway. Ruth V. Schofield, his wife, was seated beside him in the front seat. The rear seat was occupied by Catherine Stratton, a friend of Mrs. Schofield's, and Miss Stratton's escort, one Charles Rupert. Appellee neared the village of Portersville, travelling at a speed between 35 and 40 miles per hour, passed over the crest of a small hill and proceeded downgrade on his own side of the road. Ahead was a dip in the road beyond which there was a portion of level road and then another hill. The

---

[1] Act of 1937, P. L. 2755, 20 PS Section 772; Act of 1851, P. L. 669, Section 19, 12 PS Section 1601; Act of 1855, P. L. 309, as amended, 12 PS Section 1602.

headlights on the Schofield car were burning and he was duly observing the road when, as he reached the point where the level road commenced, there was a sudden flash of light and a crash. The car was stopped immediately by a head-on collision with the car driven by James L. Druschel, appellant, who was travelling east on his left or north side of the highway without lights.

After the crash, both cars were in the Schofield lane of traffic and almost parallel with the center of the road. There were no skid marks or tire marks on the concrete road. The front ends of both cars were smashed in. There were no lights burning on the Druschel car but the rear lights of the Schofield car were burning. It was only after the accident and after flares had been set by others who stopped that Schofield realized that he had collided with another car. Prior to the sudden flash of light Schofield did not see any approaching vehicle or lights although he was observing the road carefully. As a result of the accident, Mrs. Schofield and Mr. Rupert were killed and Miss Stratton and Edward F. Schofield received serious injuries.

Appellant contends that: (1) the evidence is legally insufficient to find it negligent; (2) appellee's testimony that he did not see the automobile driven by appellant approaching convicts him of contributory negligence as a matter of law and no recovery can be had in the death action for he is the sole beneficiary; and (3) the trial judge erred in failing to instruct the jury that damages awarded under the Death Act must be deducted from damages awarded under the Survival Act, although no request was made by counsel for a charge in that regard, nor was exception taken to the failure so to charge. Appellee contends that: (1) appellant's driving on his wrong side of the highway, as evidenced by the unquestioned place of collision, and without lights at 2:00 A. M., sufficiently support the finding of negligence; (2) in the circumstances, he could not be declared guilty as a matter of law; and (3) the failure to charge fully

on the question of damages did not constitute funda-
mental error, and appellant's failure to request addi-
tional instructions in that regard precludes him from
now asserting the same as error.

The trial judge did not err in submitting to the jury
the question of appellant's negligence and appellee's con-
tributory negligence. Viewing the record as we must in
the light of the verdict, it clearly appears that Druschel
violated the Motor Vehicle Code by driving on the wrong
side of the road,[2] and by driving at night without lights.[3]
Whether this negligence was the proximate cause of the
accident was properly submitted to the jury.

Appellant's contention that appellee violated Section
1002 of the Vehicle Code [4] and was guilty of contributory
negligence as a matter of law, cannot be sustained. This
Court has repeatedly held that a driver at night is not
bound to anticipate all possibilities. It is the duty of the
driver of a vehicle to have his car under control at

---

[2] Act of 1929, P. L. 905, Section 1004, as amended, 75 PS Section
521: "Upon all highways of sufficient width, except upon one way
streets, the driver of a vehicle shall drive the same upon the right half
of the highway ,and shall drive a slow moving vehicle as closely as
possible to the righthand edge or curb of such highway, unless it is
impracticable to travel on such side of the highway, and except when
overtaking and passing another vehicle, subject to the limitations
applicable in overtaking and passing set forth in this act. . . ."

[3] Act of 1929, P. L. 905, Section 801, as amended, 75 PS Section
351(a) : "Every vehicle upon a highway within this Commonwealth,
during the period from one (1) hour after sunset to one (1) hour
before sunrise . . . shall be equipped with lighted lamps and illumi-
nating devices . . ."

[4] Act of 1929, P. L. 905, Section 1002, as amended, 75 PS Section
501(a) : "Any person driving a vehicle on a highway shall drive the
same at a careful and prudent speed, not greater than nor less than
is reasonable and proper, having due regard to the traffic, surface
and width of the highway, and of any other restrictions or conditions
then and there existing; and no person shall drive any vehicle upon
a highway at such a speed as to endanger the life, limb, or property
of any person, nor at a speed greater than will permit him to bring
the vehicle to a stop within the assured clear distance ahead."

all times. Having one's car under control means that in any situation reasonably likely to arise he will be able to stop his car before doing injury to any person or property: *Reidinger v. Lewis Jones, Inc.,* 353 Pa. 298, 299, 45 A. 2d 3; *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503, 154 A. 805, 807. This rule is applicable to all drivers of motor vehicles: *Reidinger v. Lewis Jones, Inc.,* supra. One is not bound to anticipate negligence of another. More particularly, Schofield was not bound to anticipate that Druschel would violate the Motor Vehicle Code by driving on his wrong side of the road and without lights. It cannot be said as a matter of law that this was a situation "reasonably likely to arise under the circumstances."

The trial judge charged the jury to the evident satisfaction of counsel as regards contributory negligence and it, by its verdict, has found appellant negligent and appellee free from contributory negligence. In this regard the court below, in refusing appellant's motions for judgments *non obstante veredicto,* aptly observed: "Furthermore, [appellee] was driving down a steep slope and [appellant] was coming over the flat area. It is common knowledge that there is a zone at the junction of such a slope and flat area when the flat area is not illuminated by the lights of the car coming down hill . . . Clearly reflected in the evidence is the moment when [appellee's] lights first struck the windshield of [appellant's] automobile. This happened at the junction of the east slope and the flat area." Appellee's contributory negligence is not so clear that it may be judicially declared. Reasonable minds may readily differ as to its existence: *Van Note v. Philadelphia Transportation Company,* 353 Pa. 277, 279, 45 A. 2d 71.

Complaint is made that the trial judge failed to instruct the jury that damages recovered in the death or survival action should not overlap. Appellant did not request further instructions with regard thereto, nor

does it appear that the question was raised in the motion for a new trial. Appellant is, therefore, not in a position to properly raise it at this time. See *Bowman v. Stouman*, 292 Pa. 293, 141 A. 41.

Judgments affirmed.