## Long, Appellant, et ux. *v.* Pennsylvania Truck Lines, Inc.

Argued January 23, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Edwin D. Strite,* for appellant.

*John McD. Sharpe,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 22, 1939:

Appellant with his family was driving at the rate of twenty to twenty-five miles per hour on a road fourteen feet in width with berms measuring two feet on each

side. Approaching a sharp right curve with the view obstructed, he slowed down to about fifteen miles per hour, and, on negotiating the curve, was confronted by appellee's truck less than sixty feet away, occupying the center of the road instead of its own side. Due to the narrowness of the road and the width of appellee's vehicle, appellant was unable to pass, and a violent collision resulted some fifty feet beyond the curve. The jury resolved all questions in appellant's favor, but the court below held appellant guilty of contributory negligence as a matter of law, stating "It was his duty to so drive his car that when he turned the curve he could stop it within that distance necessary to avoid a collision with what might suddenly loom up in front of him in the road after he had come around the curve."

This conclusion was based upon the doctrine of *Cormican et al. v. Menke et al.*, 306 Pa. 156, and numerous similar cases,[1] that the operator of a motor vehicle must keep it under such control that he can stop within the "assured clear distance ahead." In answer to appellant's contention that this principle is inapplicable to cases where the obstacle is not a fixed one but is traveling toward the driver, the court below held that, since the evidence showed the accident happened fifty feet from

---

[1] To the cases cited *(Filer v. Filer,* 301 Pa. 461, 464; *Simrell et ux. v. Eschenbach,* 303 Pa. 156; *Shoffner v. Schmerin,* 316 Pa. 323, 326; *Stark v. Fullerton,* 318 Pa. 541, 544; *Janeway et al. v. Lafferty Bros.,* 323 Pa. 324, 327; *Gaber v. Weinberg,* 324 Pa. 385, 387), might be added *Schwartz v. Jaffe,* 324 Pa. 324, 329; *Mason v. C. Lewis Lavine, Inc.,* 302 Pa. 472, 478; *Nalevanko v. Marie et al.,* 328 Pa. 586, 589. In each of these cases, except the last, the obstacle was either stationary, or moving in the same direction as the driver. In the last case the rule was applied to hold a driver negligent as to a pedestrian walking in the opposite direction. This is clearly distinguishable from the instant case on comparing the speed of an oncoming pedestrian with that of an oncoming vehicle. The whole tenor of *Cormican et al. v. Menke et al.,* 306 Pa. 156, indicates the doctrine is applicable only to stationary objects, or the equivalent.

the curve, appellant had ample time to stop his car had he been operating it carefully.

Appellant was not under a duty to anticipate that the driver of a vehicle coming in the opposite direction around the curve would occupy the center of the highway in violation of the law of the road.[2]   As stated in *Shellenberger et al. v. Reading Transportation Co.*, 303 Pa. 122, 127, where an automobile collided with a bus occupying the center of the road around a curve, though the bus was within the clear vision of the motorist: "We could not pronounce such a circumstance contributory negligence as a matter of law.   The rules as to the necessity of observing traffic approaching on the road one is traveling upon are not the same as applied to travel approaching on intersecting roads where one is bound to keep an observant lookout.   The traveler on a highway can take for granted, at least to a certain degree, that others approaching him will observe the customary rules of the road and so long as he keeps to his side of the road need not keep his eyes at all times riveted on the highway in front of him.   The driver of the automobile, under her version, would have been entirely safe from injury had the bus driver kept to his side of the road."   In none of the cases applying the doctrine of *Cormican et al. v. Menke et al.*, 306 Pa. 156, was an oncoming vehicle involved.[3]

Moreover, even if the doctrine of "assured clear distance ahead" were applicable to these facts, appellant would not be foreclosed thereby.   There is no evidence

---

[2] See *Todd et al. v. Nesta*, 305 Pa. 280, 284; *Christ v. Hill Metal & Roofing Co.*, 314 Pa. 375, 378; *Koppenhaver v. Swab*, 316 Pa. 207, 210; *Lookaton v. Robinson*, 318 Pa. 545, 547; *Dempsey v. Cuneo Eastern Press Ink Co.*, 318 Pa. 557, 560; *Mulheirn v. Brown et al.*, 322 Pa. 171, 175; *Hostetler v. Kniseley*, 322 Pa. 248, 251; *Rankin v. Boyle*, 328 Pa. 284, 287; *Renz v. Hazlett*, 330 Pa. 306, 310; *Schildnecht v. Follmer Trucking Co.*, 330 Pa. 550, 553; Restatement of Torts, Section 290(b).

[3] See footnote 1.

that his "assured clear distance ahead" was shorter than sixty feet, and the doctrine does not require him to be able to stop within a shorter distance. Since the truck was approaching him at a substantial rate of speed and the collision resulted fifty feet from the curve, it can not be held as a matter of law that appellant was driving at such a rate of speed as would not enable him to stop at a distance of sixty feet. The question of contributory negligence was properly submitted to the jury. It was likewise for that body to determine whether the truck driver's negligence was the proximate cause of the injury. In view of the verdict, the argument that the causal connection was broken by appellant's intervening negligence fails. See *Goldschmidt et ux. v. Schumann et al.*, 304 Pa. 172, 176.

The position of the vehicles after the accident does not under the circumstances render appellant's version of the collision incredible. The rule as to incontrovertible physical facts is applicable only where the facts are positive, clear, indisputable and certain.[4] Here the location of the vehicles was disputed and not at all free from doubt. Moreover, even from the position of the cars, it is quite possible that the accident could happen as the jury believed. See *Czarniecki v. Jesse C. Stewart Co.*, 331 Pa. 163.

Judgment reversed and here entered for appellant on the verdict unless the court below reinstates the motion for new trial within ten days.

---

[4] *Hartig v. American Ice Co.*, 290 Pa. 21, 31; *Scalet v. Bell Tel. Co. of Pa.*, 291 Pa. 451, 456; *House v. Brant et al.*, 323 Pa. 53, 56; *Rex et al. v. Lehigh Valley Transit Co.*, 330 Pa. 275, 279.