Green *v.* Johnson, Appellant.

Argued January 12, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Thomas S. McCready,* for appellant.

*Sidney R. Webb,* with him *Arnold Sousa,* for appel-
lee.

OPINION BY MR. JUSTICE MUSMANNO, March 14,
1967:

Ellsworth A. Green was driving north on North
Front Street in Lehighton. He stopped on the east side
of that street and looked south, which would be the
direction from which other vehicles, if any, would
travel in the lane in which he had parked.  Seeing no
traffic moving north, he opened his door on the driver's
side and stepped out.  In that instant he was hit by a
car being driven by Ella Jane Johnson, the defendant
in this case.

Miss Johnson had been driving south on North Front Street when a car preceding her stopped and double parked. She drove to her left around the double parked car and thus entered into the northbound lane where Green was about to disembark. In doing this, she got over so far into the northbound lane that the side of her car collided with the open door of the Green car, within the arc of the sweep of which Green was standing, inflicting injuries.

Green brought a suit in trespass against Miss Johnson and the jury returned a verdict in favor of the defendant. The trial court ordered a new trial, stating: "In our opinion, the verdict for the defendant in this case was so shocking and unjust that, as has been aptly stated by our appellate courts, 'The judicial process has resulted in working of an injustice upon the plaintiff.' Kiser v. Schlosser, 389 Pa. 131. Pritchard v. Malateste, 421 Pa. 11."

The defendant has appealed, urging judicial abuse of discretion. In ordering a new trial the trial judge said: "We are unable to understand how the jury determined there was no liability on defendant's part."

A reading of the record makes manifest the incomprehension of the trial judge over the jury's verdict. Certainly a cog in the machinery of justice slipped somewhere. When a jury's finding is so opposed to demonstrated facts that, looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against a bizarre and erratic conclusion, it can be said that the verdict is shocking and unjust, and that a new trial is imperative. The accident in this case occurred on the plaintiff's side of the road where, normally, the defendant had no right to be. She explained that she had driven into that forbidden lane in order to pass the double-parked car ahead of her. This is a well-known exception to the rules of the road, but the exception is bound

up with a high degree of care. That momentary traversing of the opposite lane of traffic requires the caution of cliffside driving. The slightest delay in getting back to the highway of normal driving may precipitate a grievous mishap, which it did here.

In her narrative of the accident, Miss Johnson said the plaintiff opened his door against the side of her car, but this assertion clashes with her statement, twice articulated, that she saw the plaintiff's foot before the collision. She could not have seen his foot except that the plaintiff's door was open, and, since the foot was at that time on the ground or close to it, it naturally follows that she saw the open door before she got to it.

It is all a simple matter of ocular surveying. It would have been impossible for her, without leaning her head out the side window (which she did not do) to see the foot at the time of the impact. The plaintiff's foot was never on an eye level with the defendant's vision. Thus, Miss Johnson would have had to be some distance away from the point of contact for her beam of vision to target the foot on the ground while she was still looking ahead. That angularity of view might well have required a distance from the plaintiff's car of some 50 to 60 feet, an ample distance within which for her to stop her car if she had had it under proper control, according to the exigencies of the occasion. The lower court properly said in this connection: "Since she saw the foot of plaintiff before impact, it necessarily follows that the door was opened or being opened a sufficient time before her arrival at the contact point, so that if she had been operating her car as obliged to she would have seen plaintiff before doing him harm."

The defendant maintains that the plaintiff was guilty of contributory negligence because he looked to the south or rear of his car, and not to the north, as

he opened the door. One can look only in one direction at a time and it was important that Green should first make certain that there was no traffic coming from the south, since it was from that direction that cars would normally travel on the east side of the road. He was struck down before he could turn his eyes to the north.

The appellant argues that the verdict was not against the weight of the evidence, that the trial judge did not say that the jury had "brushed aside" testimony, or that the defendant's story of the event was "confused" or "literally impossible." In ordering a new trial in the interests of justice, the judge is not required to employ a set stereotyped phrase. It is enough that he outline a situation which in itself bespeaks injustice and demands correction. When a jury's verdict is found in a lane other than the one in which all the evidence has been moving, the judge is charged with the grave responsibility of explaining this deviation from the highway of elementary logic. If no amount of analysis, study, or reflection supplies a satisfactory explanation for the deviation, he has the duty of ordering a new trial. If legal formalism and common sense find themselves coming toward each other on the same road, formalism must yield the right of way to common sense; Draconian technicality must give way to justice.

The rules governing the granting of new trials in situations such as the one here under discussion have been clearly set out in the landmark cases of *Bellettiere v. Philadelphia*, 367 Pa. 638, and *Beal v. Reading Co.*, 370 Pa. 45, and need no further elaboration here.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice COHEN dissents on the ground the jury could have found the plaintiff guilty of contributory negligence.