463 F.2d 725
 Joseph F. GREENE, Jr., Administrator of the Estate of John
F. Barnett, Jr., Deceased,
v.
MORELLI BROS.
v.
Michael TORNETTA et al. (Third Party-Defendants), Michael
Tornetta, Appellant.
Joseph F. GREENE, Jr., Administrator of the Estate of John
F. Barnett, Jr., Deceased,
v.
Thomas W. MORELLI and Charles P. Morelli, individually and
trading as Morelli Bros., a partnership,
v.
Michael TORNETTA et al. (Third Party-Defendants), Michael
Tornetta, Appellant.
 Nos. 19371-19372.
 United States Court of Appeals,
 Third Circuit.
 Argued Oct. 7, 1971.
Decided June 26, 1972.
 
 Joseph Head, Swartz, Campbell & Detweiler, Philadelphia, Pa., for appellant.
 Thomas Burke, Haws & Burke, Ardmore, Pa., for appellee.
 Before KALODNER, STALEY and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 These diversity actions were instituted in the United States District Court for the Eastern District of Pennsylvania to recover damages for the death of the plaintiff's decedent as a result of a collision between a tractor-trailer owned by the defendants (here collectively called "Morelli") and a Ford Falcon, operated by the third-party defendant (here called "Tornetta"),[1] in which the plaintiff's decedent was a passenger.
 
 
 2
 These appeals are prosecuted by Tornetta, from the judgments following the jury verdict, holding him liable for contribution to the defendants, Morelli, for the judgment entered upon the jury verdict in favor of the plaintiff against Morelli. Tornetta here contends that there were errors at the trial and in the instructions to the jury which entitle him to a new trial; he further contends, having followed the proper procedural steps, that he is entitled to judgment notwithstanding the verdict.
 
 
 3
 We hold[2] that the third-party defendant, Tornetta, is entitled to judgment because, as he has contended, the record fails to show negligence on his part which was a substantial factor in producing the collision. Haldeman v. Bell Telephone Company of Pennsylvania, 387 F.2d 557 (3d Cir.1967), in which we recited and applied the applicable principles of law.
 
 
 4
 The accident here involved occurred at about 10:30 o'clock p. m. on June 17, 1965, on Johnson Highway, approximately 35 feet west of the intersection of that road with DeKalb Pike, near Norristown, Montgomery County, Pennsylvania. It was drizzling at that time. Johnson Highway has two eastbound lanes, each about 10 feet wide, and a westbound lane, about 16 feet wide. DeKalb Pike is about 36 feet wide, with two traffic lanes, one for southbound traffic and the other for northbound traffic; however, DeKalb Pike is one way, northbound, from the north side of the intersection with Johnson Highway, the southbound lane being blocked off so that southbound traffic cannot enter.
 
 
 5
 Tornetta's Ford Falcon was traveling in the southernmost or curb lane, eastbound on Johnson Highway. The Morelli tractor-trailer, which was 45 feet long and, loaded with coal, weighed approximately 60,000 pounds, had been proceeding south on DeKalb Pike. It was operated by one Farrell. Farrell, intending to proceed west on Johnson Highway, made a sweeping wide right turn in the intersection, which brought his vehicle into the middle eastbound lane instead of the westbound lane; Farrell then headed his vehicle into the southernmost eastbound lane, there colliding with Tornetta's Falcon. The tractor-trailer pushed the Falcon over the curb and the sidewalk and into an adjoining field, some 30 feet, the tractor ending up on top of the Falcon, which had turned on its side. There is no dispute that Tornetta was at all times in his proper traffic lane, and that Farrell was not.
 
 
 6
 Under the applicable Pennsylavania law, Farrell was prima facie negligent, Nixon v. Chiarilli, 385 Pa. 218, 221, 122 A.2d 710, 712 (1956), since he was operating his tractor-trailer on the wrong side of the road. See also Fetsko v. Greyhound Corporation, 461 F.2d 754 (3d Cir. May 23, 1972); Haddigan v. Harkins, 441 F.2d 844 (3d Cir. 1970). However, as the last cited cases show, the defendants Morelli were entitled to attempt to prove, as it was their burden to do, that Tornetta was negligent and that his negligence was either a superceding cause of or a substantial factor in producing the accident. Cf. Klena v. Rutkowski, 432 Pa. 509, 248 A.2d 9 (1968).
 
 
 7
 Since the testimony of other witnesses to the accident would have cleared Tornetta of negligence, we look to the testimony of Morelli's driver, Farrell. He testified that he observed two vehicles approaching him on Johnson Highway: one was a "blue car" traveling in the middle eastbound lane of Johnson Highway, and the other was the Tornetta Falcon, traveling in the curb or southernmost eastbound lane of Johnson Highway. His testimony was that when he made this observation, the two vehicles were about 200 feet away, but the "blue car" was nearer, and that they were both traveling about 60 miles per hour.[3] He said that when he entered the lane of the "blue car" he saw that it was bearing down on top of him and was right in front of him when it started to swerve to go around the back of his trailer. He was unable to estimate the distance "because this happens in split seconds. There is no time involved. This happened very, very fast." (N. T. p. 338). He said he was watching both cars (i. e., the "blue car" and the Tornetta car); that the Tornetta car was still in the curb or southernmost eastbound lane, but he did not know how far away it was: although he was watching it all the way up to the accident. He also said that he was traveling between 10 to 15 miles per hour, with his vehicle under control and his foot on the brake. He said that when he saw the "blue car" bearing down on him, he proceeded into the curb or southernmost eastbound lane being traveled by Tornetta. According to him, this was to avoid colliding with the "blue car," which, he said, actually went around the rear of the tractortrailer. It may be noted that as appears from the exhibits, in view of the length of the tractor-trailer and the widths of the roadways, to accomplish this the "blue car" had to proceed into the westbound lane of Johnson Highway into the intersection. Farrell testified that immediately after the accident he observed the "blue car" proceeding on Johnson Highway beyond the intersection. Despite the estimated speed of 60 miles per hour, the Tornetta vehicle which, according to Farrell struck the right front bumper and fender of the tractor, did not veer off but stayed with the tractor, and was pushed as we have already stated. The defendants Morellialso offered the testimony of a metallurgical expert, who stated as his opinion that at the time of the accident the minimum speed of the Tornetta vehicle was "considerably in excess of 30 miles an hour." It would appear from the record that the speed limit in the area of the accident was 40 miles per hour.
 
 
 8
 The jury found that Farrell, the defendants' driver was responsible. It could not have found otherwise on this record. In so doing, it rejected the defendants' defense of sudden emergency which the instructions of the court would have permitted the jury to accept. We think such instruction gave the defendants more than they were entitled to on the record, for such defense is not available to one whose own conduct created the emergency. Fetsko v. Greyhound Corporation, supra.
 
 
 9
 But the issue on this appeal is whether Tornetta's negligence in operating his vehicle at an excessive speed, which is assumed arguendo, was a substantial factor in causing the accident. On this score, the defendants are not aided by the "assured clear distance ahead" principle. The Pennsylvania courts have held this principle to be inapplicable to cases where the obstacle is not a fixed one but is traveling toward the driver. See Long v. Pennsylvania Truck Lines, Inc., 335 Pa. 236, 238-239, 5 A.2d 224, 225 (1939). Moreover, as therein stated, a traveler on a highway who keeps to his own side of the road is under no obligation to keep his eyes riveted to the road and to anticipate negligence. The failure to anticipate negligence is not negligence. Nixon v. Chiarilli, supra. Tornetta's obligation to anticipate reasonable risks, did not include the obligation to anticipate that Farrell would violate the Pennsylvania Motor Vehicle Code by driving on the wrong side of the road. Cf. Schofield v. Druschel, 359 Pa. 630, 59 A.2d 919 (1948).
 
 
 10
 In these circumstances, it was the burden of the defendants to produce evidence from which a trier of fact could reasonably conclude that at the time the defendants' tractor-trailer improperly entered Tornetta's traffic lane, the time and distance between the two vehicles was such as would have enabled Tornetta to avoid the collision if he was attentive and was not traveling at an excessive rate of speed. Compare Schofield v. Druschel, supra, with Sudol v. Gorga, 346 Pa. 463, 31 A.2d 119 (1943); Haldeman v. Bell Telephone Company of Pennsylvania, supra. This time-distance factor would have to measure, of course, from the moment when Tornetta saw, or should have seen sudden entry of the tractor-trailer in his lane of travel.
 
 
 11
 The record is barren of such evidence. As we have stated, Farrell's testimony was that he entered the middle eastbound lane of Johnson Highway intending to swing into the westbound lane; he realized that the "blue car" was bearing down on top of him; he swung to the left and into the curb or southernmost eastbound lane traveled by Tornetta. To use his own words, "[t]o prevent an accident, I swinged the tractor to the left and then No. 1 car [Tornetta's Falcon] runs into the tractor. . . ." (N. T. p. 225). The clear implication of immediacy of collision is borne out by the volunteered statement by Farrell, "[a]s a matter of fact, all this happened in split seconds." (N. T. p. 247). It may be noted that Farrell did not make his determination of the speed of the two eastbound vehicles until the "blue car" was "on top of me." (N. T. p. 234). Although Farrell testified that he watched both vehicles, and continued watching the Falcon until the accident, he was unable to say where the Falcon was, other than that it was in the curb lane when the "blue car" swerved to go around the back of the trailer. The "blue car" swerved when it was right in front of him, bearing right down on top of him; he could not say that it was one car length away "because this happens in split seconds. There is no time involved." (N. T. p. 338). There is no specific statement by Farrell relating in terms of time or distance his own turn to his left into the curb lane with the swerve of the "blue car," but he did say that he made his move to the left when he realized that the "blue car" was going to hit him. (N. T. p. 260). There is no specific testimony as to the distance of the Falcon from the tractor at the time the latter entered the curb lane. Farrell was not asked to estimate the time he was in the curb lane before he collided with the Falcon.
 
 
 12
 This evidence affords but one conclusion, and that is that Farrell suddenly turned into Tornetta's lane of travel and was hit almost immediately. Even according to Farrell, split-second timing was involved. In any event, the record does not afford a reasonable conclusion that Tornetta had, if he were attentive and driving at a lawful rate of speed, the necessary time to avoid the collision. Such a conclusion could only be the result of conjecture.
 
 
 13
 As we stated in Haldeman v. Bell Telephone Company of Pennsylvania, at 387 F.2d 559:
 
 
 14
 "It is axiomatic that in the trial of a case like this plaintiffs '* * * must make it appear that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the harm. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation and conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.' Restatement (Second), Torts Sec. 433B, Comment a at 442 (1965)."
 
 
 15
 For the reasons stated, the judgment of the District Court entered against the third-party defendant, Tornetta, will be reversed and the cause remanded to the District Court to enter judgment notwithstanding the verdict in Tornetta's favor.
 
 
 
 [1]
 The tractor-trailer was operated by Morelli's employee Farrell, and there is no dispute as to agency. The defendants, Morrelli, had also filed third-party complaints against the owners of the Ford Falcon, but these were withdrawn at the commencement of the trial in the court below
 
 
 [2]
 As to the standards of review, see Gatenby v. Altoona Aviation Corporation, 407 F.2d 443 (3d Cir. 1968); see also Mihalchak v. American Dredging Company, 266 F.2d 875, 877 (3d Cir. 1959), cert. denied, 361 U.S. 901, 80 S.Ct. 209, 4 L.Ed.2d 157. Cf. Haldeman v. Bell Telephone Company of Pennsylvania, 387 F.2d 557 (3d Cir. 1967)
 
 
 [3]
 On cross-examination, Farrell repeatedly characterized these approximations as a guess made under prodding to state the figures, apparently during pre-trial oral depositions. We recognize that a "guess" may actually be an estimate rather than conjecture: see Livergood v. S. J. Groves & Sons Company, 361 F.2d 269 (3d Cir. 1966); Finnerty v. Darby, 391 Pa. 300, 138 A.2d 117 (1958). Indeed, Farrell conceded that the speed of the approaching vehicles could have been 40 miles per hour. What is of concern is the admission of Farrell that he was not in a position to make the estimate: "I told you before I do not know how far this car--this car is coming towards me, and how far back on Johnson Highway it was I do not know. There is no way it--that anybody can figure out a car coming towards you, and you can estimate the speed of it, nor how far back he was, and that's what you are trying to figure out now mathematically." (N.T. p. 335)