Turner *v.* Smith (et al., Appellant).

Lake, Appellant, *v.* Smith.

Lake, Jr. *v.* Smith (et al., Appellant).

162

Argued March 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Mark Woodbury, III,* with him *Kain, Brown, Roberts & Woodbury,* for appellant.

*Robert J. Stewart,* with him *Daniel W. Shoemaker,* and *Liverant, Senft and Cohen,* and *Shoemaker & Thompson,* for appellees.

OPINION BY JACOBS, J., October 30, 1975:

This case arose from an automobile collision which occurred on June 11, 1971, when a sedan driven by appellant Terry Lake and a pickup truck driven by appellee

Charles Smith met head-on near the intersection of Route 624 and Gay Street, York County, injuring the occupants of both vehicles. Three trespass actions were thereafter brought and consolidated for trial. The jury denied appellant Lake recovery in his suit against appellee Smith and found against both drivers in the suits filed by appellant's passengers.

Appellant has appealed from all three judgments, claiming that the court erred in its charge. We agree with appellant's assignments of error as to the charge and we reverse and remand for a new trial with respect to the judgments entered against appellant in each of the consolidated cases.

Appellant's specific contentions are that the court below should not have applied the "assured clear distance ahead" rule[1] to the facts of this case and that the trial court erred in its refusal to instruct the jury as to the effect of one driver's reckless driving on that driver's defense of contributory negligence. We will discuss both of these issues after a brief summary of the relevant facts.

On the day in question, appellant Lake was traveling along Route 624 in York County and was approaching a

---

1. The Act of May 1, 1929, P.L. 905, §1002, *as amended,* 75 P.S. §1002(a) (1971) provides:

"§1002. Restrictions as to speed

(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and *no person shall drive any vehicle, upon a highway* at such a speed as to endanger the life, limb, or property of any person, nor *at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead.*" (emphasis added). We have recently discussed the application of this rule to a factual situation similar to that presented here. *See Unangst v. Whitehouse,* 235 Pa. Superior Ct. 458, 463, 344 A.2d 695, 698 (1975).

point on the highway at which it intersects Gay Street, with Gay Street establishing the right prong of a fork or "Y" in the road. The posted speed limit on Route 624 is 45 m.p.h. and the posted speed limit on Gay Street is 55 m.p.h. While every intersection requires the use of greater than usual caution, at this particular intersection an additional hazard exists . . . Gay Street descends sharply as it leaves Route 624, so that an operator turning onto Gay Street from Route 624 cannot immediately see a vehicle on Gay Street which might be traveling toward or away from Route 624 on the far side of the crest. The testimony offered at trial established that appellant Lake turned onto Gay Street, a two lane street, at a speed of between 35 and 55 m.p.h. Just as Lake dropped over the crest of Gay Street he saw the Smith pickup truck approaching him in the wrong lane approximately 38 feet ahead. The head-on collision, by then unavoidable, drove the Smith pickup truck 102 feet down the road and caused the injuries complained of below.

Mr. Smith did not offer an explanation as to why he was driving in the lane reserved for oncoming traffic, but rather maintained that he was on the correct side of the road.[2] There was considerable evidence refuting this. Appellee Smith joined Lake as a third party defendant in the suits brought by Lake's passengers and defended the suit brought against him by Lake on the theory that Lake had been contributorily negligent in entering Gay Street at an unsafe speed.

Appellant argues here, as he did below, that the trial court should not have charged on the assured clear distance ahead rule because there was evidence that the

---

2. Appellant's theory, manifested in his cross-examination of Mr. Smith, was that Smith was about to make a right turn from Gay Street onto Route 624. Since that course of travel required an extremely sharp turn back to the right, and the Smith truck did not have power steering, appellant claimed that Smith pulled into the left lane to facilitate his making the tight arc required for this turn.

vehicles were approaching one another from opposite directions. He contends that the rule should not have been applied to that situation.[3] We agree. It was error to charge on the assured clear distance ahead rule without instructing the jury that the rule should not be applied if it found that the vehicles involved were moving toward one another. *See Unangst v. Whitehouse*, 235 Pa. Superior Ct. 458, 344 A.2d 695 (1975).

---

3. The lower court's charge contained, *inter alia*, the following instructions, each of which constitutes an application of the assured clear distance ahead rule:

"... was it negligence on his [appellant's] part to come around the curve and to enter Gay Street in such a way that he would not be able to stop his vehicle in the event it came upon an obstruction in the highway, particularly in the area where this blind spot occurred?"

. . .

"... you have the right to ask yourselves whether or not his speed was such that would enable him to have his vehicle under such control that he could stop to avoid a collision with a vehicle standing in the highway *or proceeding toward him* which was in this case." [emphasis added].

. . .

"And if you find that he was operating *at a speed that was not sufficient to enable him to have the vehicle under control within what has been referred to in the vehicle code as the assured clear distance ahead*, then you would certainly be justified to find him guilty of negligence." [emphasis added].

. . .

"Now the parties have submitted a number of requests here that I comment in the charge. ... No. 5 I will read. 'The assured clear distance may be long as on a straight road in bright daylight or it may be shortened by a curve in the road or other conditions. Whatever it may be the duty imposed on the driver is to be able to stop the vehicle safely within that distance.' "

Moreover, the opinion of the court below recognizes that a charge on assured clear distance was made and comments on that charge as follows:

"Also, we think the assured clear distance rule applies where vehicles are approaching in opposite directions; that

The assured clear distance ahead rule is not properly applicable in such a situation. *Unangst v. Whitehouse,* supra. *See Francis v. Henry,* 399 Pa. 369, 160 A.2d 455 (1960); *Fleischman v. Reading,* 388 Pa. 183, 130 A.2d 429 (1957); *Schofield v. Druschel,* 359 Pa. 630, 59 A.2d 919 (1948); *Long v. Pennsylvania Truck Lines, Inc.,* 335 Pa. 236, 5 A.2d 224 (1939); *Reifel v. Hershey Estates,* 222 Pa. Superior Ct. 212, 295 A.2d 138 (1972); *Flick v. James Monfredo, Inc.,* 356 F. Supp. 1143, *aff'd,* 487 F.2d 1394 (3d Cir. 1973); *Greene v. Morelli Bros.,* 463 F.2d 725 (3d Cir. 1972); *Snook v. Long,* 241 Iowa 665, 42 N.W.2d 76 (1950); *Cerny v. Domer,* 13 Ohio St. 2d 117, 235 N.E.2d 132 (1968). Other rules of the road are applicable to the appellant's conduct here, but the assured clear distance ahead rule is not.

The assured clear distance ahead rule is a rule of *speed.* The Vehicle Code provides, *inter alia,* that "no person shall drive any vehicle, upon a highway . . . *at a speed* greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." Act of May 1, 1929, P.L. 905, §1002, *as amended,* 75 P.S. §1002(a) (1971) (emphasis added).

As a driver approaches the crest of a hill he must control the speed of his vehicle so that he will be able to stop within the distance to whatever may reasonably be on the road ahead on the other side of the crest. *Fleischman v. Reading,* supra; *Schofield v. Druschel,* supra; *Mihalic v. Texaco, Inc.,* 377 F.2d 978 (3d Cir. 1967).

---

where, as here, the accident occurred as the one operator was coming out of an intersection he was still bound to have his vehicle under such control as to be able to avoid an accident. *While it may conceivably be considered error to speak in terms of assured clear distance in this circumstance,* the high degree of care required at an intersection created a situation that would certainly allow the jury to conclude that Terry operated his automobile in a negligent manner, and that he did not have it under proper control." [emphasis added].

If the driver crests the hill and an obstruction straddles his path 100 feet away, it is possible to evaluate the prudence of his speed at the crest by whether or not he was able to stop and avoid a collision. If he could not stop within 100 feet, his assured clear distance at the crest, then his speed was too fast.

If, on the other hand, the object first sighted at the crest is not static but is moving toward the driver, whether or not a collision occurs does not depend primarily on his speed at the crest, but on *two* factors: speed at the crest and the speed of the oncoming car. The fact of a collision in that situation is an inaccurate indicator of speed at the crest because the collision will necessarily occur *short* of the point at which the oncoming car was first observed. *See Long v. Pennsylvania Truck Lines, Inc.,* supra; *Greene v. Morelli Bros.,* supra.

The driver approaching the crest of a steep hill will often reach a point at which there is virtually *no* assured clear distance ahead. *Fleischman v. Reading,* supra. It may therefore be argued that *any* forward movement will violate the rule where vision is thus impaired. Although the preceding would be correct in the face of an obstruction which should be reasonably anticipated, it is not true where the obstruction is created by the negligence or recklessness of another. " '[A]ssured clear distance ahead' means only what it says: a clear distance that is assured, that is, one that can be reasonably depended on. . . . *Assured* does not mean *guaranteed."* *Fleischman v. Reading,* supra at 185-86, 130 A.2d at 431. Appellant here had no duty to anticipate that appellee might be in the wrong lane; he was not required to anticipate the negligence or recklessness of another in calculating his assured clear distance ahead. *Fleischman v. Reading,* supra; *Schofield v. Druschel,* supra; *Long v. Pennsylvania Truck Lines, Inc.,* supra; *Greene v. Morelli Bros.,* supra.

The jury should have been charged that if they found that appellant crested the hill and encountered appellee in the wrong lane and coming towards him, they should not apply the assured clear distance ahead rule but should judge appellant's conduct by the other standards of care upon which they had been instructed.

Appellant's second allegation of error with regard to the charge of the lower court is that he was entitled to have the jury instructed on reckless conduct, based on the evidence presented concerning appellee Smith's presence in the left-hand lane of travel when he was unable to see over the crest of Gay Street's intersection with Route 624. Appellant's obvious motivation for requesting this instruction was that if Smith's conduct had been found to be reckless, appellant's contributory negligence would not have been a bar to his action against Smith. *See Williams v. Philadelphia Transp. Co.*, 219 Pa. Superior Ct. 134, 280 A.2d 612 (1971) ; *Merkel v. Scranton*, 202 Pa. Superior Ct. 15, 193 A.2d 644 (1963).

The court below determined that the evidence was insufficient, as a matter of law, to support a finding of reckless conduct. With that determination we do not agree. Our courts have often held that driving on the wrong side of the highway is *prima facie* evidence of negligence, *see e.g., Cwiakala v. Paal*, 427 Pa. 322, 235 A.2d 145 (1967) ; *Nixon v. Chiarilli*, 385 Pa. 218, 122 A.2d 710 (1956), although a driver's action in driving in the wrong lane may be excused by the exigencies of travel in certain situations, *see Green v. Johnson*, 424 Pa. 296, 227 A.2d 644 (1967). The Vehicle Code, Act of April 29, 1959, P.L. 58, §1004, *as amended*, 75 P.S. §1004 (Supp. 1975-76) likewise condemns travel on the wrong side of the road. In this case there is *not only* evidence of presence on the wrong side of the road, but also evidence of presence on the wrong side of the road in the face of a known hazard. *See Fleischman v. Reading*, 388 Pa. 183, 130 A.2d 429 (1957). *See also Polando v.*

*Blue Ridge Transp. Co.,* 374 Pa. 485, 97 A.2d 838 (1953). Such conduct clearly admits of recklessness.

Although not necessary to our decision here in view of our determination that the lower court erred in its application of the assured clear distance ahead rule, we note that the evidence in this case was not inconsistent with a finding by the jury that *either* operator's actions in blindly approaching this intersection constituted reckless conduct. This was particularly true with respect to appellee Smith if appellant's theory that Smith purposefully pulled into the wrong lane to make his turn was believed. The evidence that Smith was on the wrong side of the road, when taken together with the other attendant circumstances, including the fact that he was approaching the blind crest of a hill, provided a sufficient basis for submission of the issue of reckless conduct to the jury.

Judgment reversed and a new trial granted in each of the three consolidated cases.

---

CONCURRING AND DISSENTING OPINION BY CERCONE, J.:

Upon consideration of the court's charge in full, and in light of the facts and circumstances of this case, I do not believe that the lower court's reference to "assured-clear-distance-ahead" constituted a charge thereon. On the other hand, I do agree that the court's refusal to charge on reckless driving was error. Therefore, for the reasons which follow, I would affirm the judgments entered in favor of the passengers against the drivers of the two vehicles in question, Terry Lake and Charles Smith. However, I would reverse and remand for a new trial on the question of the liability of Terry Lake and Charles Smith, *inter se.*

Appellant Lake's first contention is that the lower court erred in charging the jury on the assured-clear-

distance-ahead rule because, Lake says, he was not bound to anticipate, when he entered Gay Street, that someone would be negligently approaching him in the wrong lane of travel. See *Schofield v. Druschel,* 359 Pa. 630 (1948).[1] In particular, Lake rests his argument upon *Fleischman v. Reading,* 388 Pa. 183 (1957). In that case, in dealing with a situation involving a head-on collision in which one of the vehicles was traveling in the wrong lane of traffic, the Court through Justice MUSMANNO, stated: "The defendant interprets 'assured clear distance ahead' to mean more than what is within the purport of its language. 'Assured clear distance ahead' means only what it says: a clear distance that is assured, that is, *one that can reasonably be depended on.* The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him, and that he must transport ready-made solutions to overcome all fortuitous hazards which suddenly face him. Assured does not mean guaranteed. When a driver approaches the crest of a hill, there comes a moment when, because of the convexity of the highway, he has practically no guaranteed clear distance ahead, but he can reasonably be assured that no one will be insane enough to approach the crest of the road from the other side of the summit, using the contrary lane of travel. If such a predicament should develop and a collision result, the motorist on his own side of the thoroughfare cannot be declared guilty of contributory negligence *as a matter of law* on the theory that he did not have an assured clear distance ahead." *Id.* at 185-86. [Emphasis added.]

First, the posture of that case as it stood before the Supreme Court was materially dissimilar from the case

---

1. Since the filing of briefs and arguments on the instant appeal, this court has determined that the assured clear distance ahead rule should not be applied to situations involving vehicles proceeding in the wrong lane of travel. See *Unangst v. Whitehouse,* 235 Pa. Superior Ct. 458 (1975).

currently at bar. Mr. Fleischman, the plaintiff in that case, never got his case to the jury, for the trial court therein granted defendant's motion for a non-suit based upon a strict reading of the assured-clear-distance-ahead rule.[2] In *Fleischman* the court did not permit the jury to consider whether the plaintiff exercised that measure of due care which the circumstances required. Had the trial court in the instant case applied the standard which was rejected by the Supreme Court in *Fleischman,* there is

---

2. In this regard, the law in Pennsylvania has been in a state of confusion, and perhaps contradiction, for more than a decade. Compare *Fleischman v. Reading,* supra; *Francis v. Henry,* 399 Pa. 369 (1960) ; and *McElroy v. Rozzi,* 194 Pa. Superior Ct. 184 (1960) ; with *Haines v. Dulaney,* 424 Pa. 608 (1967) ; *Rich v. Petersen Truck Lines, Inc.,* 357 Pa. 318 (1947) ; and *Hollern v. Verhovsek,* 220 Pa. Superior Ct. 343 (1971). Other decisions, in favoring a strict application of the rule, have found it to be "fixed and unchangeable": *Stark v. Fullerton Trucking Co.,* 318 Pa. 541, 544 (1935) ; and "inflexible": *Gaber v. Weinberg,* 324 Pa. 385, 387 (1936).

Professor Prosser appears to be in favor of the broader liberalization of the rule suggested by the *Fleischman* and *Francis* cases. In W. Prosser, The Law of Torts, 189-90 (4th ed. 1971), he states:

"A similar fate is overtaking the rule which many courts have stated, that it is always negligence to drive at such a speed that it is impossible to stop within the range of vision. Again the principle is sound enough; but universal application becomes quite impossible. The rule has proved to be much too stringent when the visibility is obscured by fog or rain, when the driver is suddenly blinded by the lights of an approaching car, or when unanticipated defects or obstacles suddenly appear on an apparently safe highway. The reaction from the rule has been so marked that some courts have gone to the other extreme, of saying that such speed is never more than evidence of negligence for the jury.

"Such rules may be useful to fix a standard for the usual, normal case, but they are a hindrance to any just decision in the large number of unusual situations presenting new factors which may affect the standard. A standard which requires only conduct proportionate to the circumstances and the risk seldom, if ever, can be made a matter of absolute rule."

little doubt that appellant Lake, in his cause of action against Mr. Smith, would have been non-suited. Indeed, herein, the court expressly refused to instruct the jury that appellant was negligent as a matter of law. Instead, the trial court in the instant case instructed the jury to examine appellant's conduct in light of the circumstances and the requirements of due care, so that appellant's inability to see over the crest of the hill was only one circumstance affecting his duty of care.

Therefore, my disagreement with the majority opinion lies in its conclusion that the trial court did, in fact, instruct the jury on applying the assured clear distance ahead rule to appellant Lake's driving in cresting the hill at Gay Street. The relevant portion of the court's charge was thus:

> "[Lake] says that when he came around this curve and entered Gay Street that by reason of the contour of the highway itself, it was impossible for him to see down Gay Street and impossible then for him to see the Smith vehicle. But you have to ask yourselves then whether or not since he had travelled this highway before and since he was familiar with that and knew that there was a blind spot there, was it negligence on his part to come around the curve and to enter Gay Street in such a way that he would not be able to stop his vehicle in the event it came upon an obstruction in the highway, particularly in the area where this blind spot occurred?

> . . .

> "You must determine, ladies and gentlemen, from this testimony whether if he were going 35 m.p.h. or even if he were going less than 35 m.p.h., whatever speed you decide he was going when he entered Gay Street, whether he was going at a speed that would enable him to have his vehicle under such control that would justify him to enter a spot where he knew that there was an inability to see what was in the highway

in front of him. And if you find that he was operating at a speed that was not sufficient to enable him to have the vehicle under control within what has been referred to in the vehicle code as the assured clear distance ahead, then you would certainly be justified to find him guilty of negligence. If his failure to have his automobile under such control at that point was a proximate cause of the accident, then certainly you would be justified to conclude that his negligence was such that would render him responsible to the plaintiffs in this action, the other plaintiffs." [Emphasis added.]

Of course, the court referred to the assured distance ahead rule in its charge, but not because it was statutorily applicable to this case. Indeed, no reference was made to The Vehicle Code in connection with assured clear distance ahead, although the Code's proscription against driving on the wrong side of the highway was so referenced. Rather, the context of its use indicates that the principle should have been considered as a factor affecting Lake's duty of due care. To wit: At what speed would an actor be justified in traveling when he knew it was *impossible* for him to see the road ahead? The court asked the jury, *"was it* negligence on [Lake's] part to come around the curve and enter Gay Street in such a way that he would not be able to stop his vehicle in the event it came upon an obstruction in the highway...." Since Lake admitted that he could not see anything on the road immediately beyond the hillcrest, if the assured clear distance ahead rule were deemed applicable, the question would not have survived its statement.

Taken in context with the court's admittedly correct charge on the duty of care in negligence cases, and the admission of evidence concerning posted speed limits, I do not think its reference to assured clear distance ahead constituted a charge thereon under the statute.

However, I do find merit in appellant Lake's second allegation of error that he was entitled to have the jury

instructed on reckless driving, so that if the jury found Smith's conduct to be reckless, appellant's contributory negligence would not constitute a defense for Smith.

Our Supreme Court has strenuously condemned the misuse of the left lane of a two lane highway. In *Polando v. Blue Ridge Trans. Co.*, 374 Pa. 485 (1953), the Court stated: "In America, travelling on the left side of the road is fundamentally improper. The State permits the occasional use of that lane because of the exigencies of travel but authorizes it only with the understanding that one will enter that hazardous territory with his eyes on the road, his mind on the job, and his hands and feet prompt to execute a safe maneuver over a course already formulated. Anything less than such conduct is blameworthy." *Id.* at 489.

While it is true that proof that a motorist was driving in the left lane when an accident occurred is merely *prima facie* evidence of negligence, that is so only because under particular circumstances one is entitled to drive in the left lane. 2 Blashfield, Automobile Law & Practice §101.64 (1965). Hence, if a defendant can demonstrate that he was properly in the left lane when an accident occurred, he will not be held to be negligent therefor. In the absence of explanation or justification, however, such misuse of the left lane may be ruled to be negligence *per se*. See 75 P.S. §1004 (1971). And, under certain circumstances, a defendant's misuse of the left lane may be so egregious that a jury could properly find that his conduct amounted to "carelessly disregarding the rights or safety of others. . . ." 75 P.S. §1001(1) (1971). Thus, in the *Polando Case*, supra, the Court gratuitously stated that a jury could well find the bus driver's conduct to be "gross negligence." Similarly, cases in other jurisdictions have determined that misuse of the left lane may constitute recklessness. Thus, in *Forston v. Hester*, 39 So. 2d 649 (Ala. 1949), the Alabama Supreme Court held that a milk truck driver drove recklessly, causing him to strike

a paper boy on a bicycle, when he drove his truck through a heavy fog, in the left lane, at six o'clock in the morning. A truck driver was also found to be driving recklessly when he allowed his truck to remain in the left lane while negotiating an "S" curve. *Trotter v. United States,* 95 F. Supp. 645 (W.D. La. 1951).

While it is true that in the instant case the evidence tended to indicate that Mr. Smith was ascending the grade slowly, in first gear, I do not find that the evidence, as a matter of law, bars a jury from finding his conduct to be reckless. The evidence also indicated that he pulled into the left lane deliberately, despite the fact that he knew he was "blindly" approaching the crest of Gay Street at the intersection with Route 624. Especially in light of the Court's strong language in the *Fleischman Case* (one can reasonably be assured that no one will be insane enough to approach the crest of the road from the other side of the summit, using the contrary lane of travel), the court erred in not instructing the jury on reckless driving.

This is not to say that Mr. Smith was not also entitled to such an instruction. The evidence fairly indicated that Lake was going so fast when he crossed the hilltop that he literally became airborne. He admittedly used the road frequently and knew of the blind spot, yet did not approach it with any appreciable degree of added caution. Any number of foreseeable obstacles may have awaited him and his passengers on the other side; and, given the speed at which he was traveling, he certainly could not have avoided them.[3]

---

3. Appellant Lake also argued that his conduct did not proximately cause the accident because the accident could not have been avoided no matter what speed he had been traveling. In the first place, one is ordinarily not entitled to an instruction on "unavoidable accidents" in situations where the evidence indicates that his conduct was negligent. 2 Blashfield, Automobile Law & Practice §101.13 (1965). In any event, the jury was fully instructed

For the foregoing reasons, I would reverse and remand for a new trial only with respect to the verdict in favor of Charles Smith against appellant Lake.

on proximate cause, and may well have determined that if Lake had been traveling at a speed appropriate under the circumstances, the collision or the injuries resulting therefrom may not have occurred.