## Com. v. Hoovler

*Keith E. Bell,* for Commonwealth.
*Raymond H. Bogaty,* for defendant.

STRANAHAN, *P.J.,* February 23, 1982—In September of 1980, defendant was involved in a fatal

automobile accident with the operator of a motorcycle. As a result of the accident, defendant was charged with homicide by vehicle.[1]

At the preliminary hearing for the vehicular homicide charge, numerous motor vehicle violations stated in the affidavit of probable cause were incorporated into the criminal complaint (charging vehicular homicide.) The purpose of these additions was to add specific motor vehicle violations as a cause of death as required by the Homicide by Vehicle Statute.

One of the alleged violations was "following-too-closely."[2] The district justice, however, found that there was no evidence of following too closely and deleted the reference to this section from the complaint. An information was subsequently filed and prior to trial, the district attorney petitioned to amend the information because the information did not set forth the specific sections of the Vehicle Code which the Commonwealth contended were the cause of death.[3] The amendment was allowed but the court did not permit the amended information to include an alleged violation of 75 Pa.C.S.A. §3310 (following-too-closely) because of the district justice's ruling. At trial, defendant was found guilty of homicide by vehicle. The matter is now before the court on motions for new trial and in arrest of judgment.

Defendant's primary allegations of error by the trial court involve the charge to the jury. It is defendant's position that the jury should have been

1. 75 Pa.C.S.A. §3732.

2. 75 Pa.C.S.A. §3310.

3. The proposed amended information alleged the violation of the following sections of the Vehicle Code: 75 Pa.C.S.A. §§3301, 3302, 3303, 3309, 3310 (following too closely), 3361 (driving vehicle at a safe speed), 3312, and 3314.

instructed that violation of 75 Pa.C.S.A. §3310 (following-too-closely), was not a part of the case and that if the jury were to find defendant guilty of only that section, then they must acquit her of homicide by vehicle.

We disagree with this contention as we are aware of no rule of law, nor has defendant cited any, that requires the court to instruct the jury as to what crimes or offenses defendant is *not* charged with committing. Consequently, it is our opinion that the court did not err in failing to instruct the jury on the "followng-too-closely" count since it had been removed from the case.

During their deliberation, the jury had a question and submitted it to the court. It is defendant's position that the court erred in its response to the inquiry. The question and ensuing side-bar conference appear on pages 17-25 of the transcript of the proceedings but basically, the question was "Is it against the law to tailgate? What is the distance that denotes tailgating?"

The court responded to the question by reiterating 75 Pa.C.S.A. §3361, the "driving vehicle at safe speed" section. It is defendant's position that this section of the Vehicle Code is more of a rule of civil liability and has no applicability to situations involving moving vehicles.[4] Defendant further contends that the court should have responded to the jury's question by reciting the "following-too-closely" statute and then instructing the jury that the statute was not involved in the case.[5]

---

4. The penalty for violating section 3361 is found in 75 Pa.C.S.A. 6502.

5. It is difficult in many situations to distinguish between the "assured clear distance" rule and the "following too closely" rule.

In Meyer Law of Vehicle Negligence in Pennsylvania, sec-

The issue can be simply stated. Did the court err by responding to the jury's question about tailgating with the recitation of the "driving vehicle at safe speed" rule? It is our opinion that the court was not in error.

It should be pointed out that the "following-too-closely" statute might have been a proper response to a question about "tailgating" under most circumstances. However, we do not believe it to be the sole and exclusive response to such an inquiry. Under these circumstances, the trial judge must strive to answer the questions of the jury without further confusing them. Instructing the jury as to the "following-too-closely" prohibition and then telling them that it had no application to the case would surely not have provided the clarification which the jury obviously needed.

Furthermore, it is our opinion that a driver who is "tailgating" is in violation of the "driving vehicle at safe speed" rule. Specifically, the statute states at 75 Pa.C.S.A. §3361: No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the ac-

tion 2.22, page 21, the author states: "Closely to be associated with the assured clear distance rule is the statutory prohibition against following too closely. Many of the decisions cited in section 2.21 (assured clear distance) are equally applicable here."

In an effort to distinguish between the two rules, the author continues: "No principle of vehicle law is more assiduously applied by the courts than the 'assured clear distance ahead' rule. Although frequently couched in language which makes speed the important element, it will be observed that control is the basis obligation here violated." Meyer Law Vehicle Negligence in Pennsylvania, section 2.21, page 15. Compare Turner v. Smith, 237 Pa. Superior Ct. 161, 346 A. 2d 806 (1975) at page 167 where the court states: "The assured clear distance ahead rule is a rule of speed."

tual or potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

A driver who is "tailgating" is operating his vehicle in such a manner and at such a speed that is not reasonable and prudent and further he would not be able to bring his vehicle to a stop within the assured clear distance, i.e. that distance between his vehicle and the vehicle which he is tailgating. We hold that a person who is "tailgating" is in violation of the "driving vehicle at safe speed" rule and, therefore, the court responded properly to the jury's inquiry.

Defendant also contends that since the summary offenses set forth as the basis for the homicide by vehicle charge were not filed within the statutory period 42 Pa.C.S.A. §5553, they could not be alleged as violations causing the death.

This argument has no merit, nor does defendant cite any case or statutory law to support it.

## ORDER

And now, February 23, 1982, defendant's motions for a new trial and in arrest of judgment are refused.