J-A23017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KERIM AMADOU, AN INDIVIDUAL, SHAMAEL RAHAMANI, A MINOR INDIVIDUAL AND SHAKIB RAHAMANI, A MINOR INDIVIDUAL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| RONALD SARVER | |
| Appellee | No. 1683 WDA 2015 |

Appeal from the Judgment Entered September 25, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD 12-11773

BEFORE:  LAZARUS, STABILE, and STRASSBURGER,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY STABILE, J.:

**FILED MARCH 07, 2017**

I agree with the Majority's conclusion that Appellants are not entitled to a new trial based on the trial court's refusal to instruct the jury pursuant to 75 Pa.C.S.A. § 4581(e), relating to seat belt use.  I also agree with the Majority's determination that Appellants, Shamael Rahamani and Shakib Rahamani, are not entitled a new trial on damages.  However, I disagree with the Majority's decision to award a new trial on damages to Appellant, Kerim Amadou ("Amadou").  Therefore, I concur in part and dissent in part.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 3, 2011, Amadou was stopped at an intersection in Pittsburgh when his Nissan Altima was struck from behind by a pick-up truck operated by Appellee Ronald Sarver ("Sarver"). Sarver admitted liability. On January 13, 2014, a jury found Sarver's negligence was the factual cause in bringing about injury to Amadou and awarded Amadou $1,440 in damages.[1] This damage award did not distinguish between **economic** and **non-economic** damages.

As this Court reiterated in **Brown v. Trinidad**, 111 A.3d 765 (Pa. Super. 2015);

> Appellate review of a weight claim is a review of the trial court's exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction

_____

[1] Amadou testified that he missed 13 days of work as an independent contractor cab driver following the accident, N.T., 1/10/14, at 60, and on average earned approximately $120 to $150 per day. N.T., 1/10/14, at 74-75. During closing argument, Amadou's counsel suggested to the jury that Amadou might have missed only 12 days of work and proposed that the jury consider 12 days of work missed at $120 per day. N.T., 1/13/14, at 254-55. Although the jury did not designate its damages award as an award of lost wages, it is not lost on us that 12 days at $120 per day results in a wage loss of $1,440. Nevertheless, it is not this Court's role to speculate as to whether the jury awarded Amadou wage loss, whether the jury entered into a compromise verdict and settled on that amount as a compromise, or whether the jury simply did not believe Amadou was injured or experienced pain and suffering.

that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 770 (quoting *Haan v. Wells*, 103 A.3d 60, 70 (Pa. Super. 2014), in turn quoting *In re Estate of Smaling*, 80 A.3d 485, 490 (Pa. Super. 2013) (*en banc*) (additional citations omitted)). In *Brown*, this Court further quoted *Haan*, noting:

> "The factfinder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Samuel–Bassett v. Kia Motors Am., Inc.* [613 Pa. 371], 34 A.3d 1, 39 (Pa. 2011). "The trial court may award a judgment notwithstanding the verdict or a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Id.* (citing *Commonwealth v. Cousar* [593 Pa. 204], 928 A.2d 1025, 1035–36 (Pa. 2007)). When a fact finder's verdict is "so opposed to the demonstrative facts that looking at the verdict, the mind stands baffled, the intellect searches in vain for cause and effect, and reason rebels against the bizarre and erratic conclusion, it can be said that the verdict is shocking." *Farelli v. Marko* [349 Pa. Super. 102], 502 A.2d 1293, 1295 (Pa. Super. 1985) (quoting *Green v. Johnson* [424 Pa. 296], 227 A.2d 644, 645 (Pa. 1967)).

*Id.*

The trial court acknowledged Amadou's contention that the verdict was "manifestly inadequate" because "the verdict amount merely replicated Amadou's out-of-pocket expense," reflecting the jury's disregard of Amadou's "proof of pain and suffering." Trial Court Rule 1925(a) Opinion ("T.C.O."), 7/17/14, at 3. The trial court rejected Amadou's reliance on

- 3 -

*Marsh v. Hanley*, 856 A.2d 138 (Pa. Super. 2004), in which this Court reversed the trial court's denial of a new trial following a jury verdict awarding lost wages but no damages for pain and suffering. In *Marsh*, the appellant's car was struck on the driver's side by another car, causing the appellant's car to spin 180 degrees before being struck a second time. There, the appellant was taken to the hospital by ambulance for treatment. Both parties' experts conceded that the appellant suffered soft tissue injuries of the cervical and lumbar spine in the accident. The trial court found the instant factual situation more analogous to *Majczyk v. Oesch*, 789 A.2d 717 (Pa. Super. 2001) (*en banc*), where this Court upheld a jury award of zero dollars for pain and suffering. Quoting this Court's opinion in *Marsh*, the trial court recognized:

> The *Majczyk* Court specifically held that the jury may find for the defendant despite his obvious negligence when it does not believe the plaintiff's pain and suffering, or that her injury is the sort that is compensable. The Court quoted from *Boggavarapu v. Ponist*, 518 Pa. 162, 167, 542 A.2d 516, 518 (1988), for the proposition that some injuries are the sort of "transient rub of life for which compensation is not warranted." The [C]ourt first held that "the determination of what is a compensable injury is uniquely within the purview of the jury." *Majczyk, supra* at 726. The [C]ourt confirmed that credibility determinations lie within the province of the fact finder, and a jury is always free to believe all, part, some or none of the evidence presented. *Majczyk, supra* at 725-26. The [C]ourt concluded that, based on this record, the jury properly found that plaintiff's accident-related injuries were minor, causing only a few days or weeks of discomfort, and not the sort that require compensation. *See also, Davis v. Mullen*, 565 Pa. 386, 773 A.2d 764 (2001) (jury may decide that no pain and suffering damages are due, even where medical expenses are awarded).

T.C.O., 7/17/14, at 4-5 (quoting **Marsh**, 856 A.2d at 140).

The trial court determined that "[t]he minor rear end collision in the matter at hand renders **Majczyk** a more apt comparable than **Marsh**." **Id.** at 5. The court reasoned:

> The jury might well have concluded from Amadou's own testimony that the impact and any resultant injury in this matter were insubstantial. Indeed, on direct examination, despite repetitive inquiries from his own counsel, Amadou failed to confirm either a significant impact or any immediate pain. (N.T., 49-51). The devaluing consequences of a plaintiff's repeated responses of "I can't recall" during direct examination regarding the severity of impact and his immediate physical sensation resulting from that impact cannot be overlooked when questioning the adequacy of a verdict.
>
> Further, Amadou's treating chiropractor, Dr. Novak, and primary care physician, Dr. McCollum, did not so persuasively establish a nexus between the complaints of pain voiced by Amadou and any injury from the accident that it can be concluded that the verdict amount was against the weight of the evidence. As [Sarver] notes, Dr. Novak, Amadou's principal treatment provider following the accident, did not relate a lumbar injury to that accident. That failed testimony is in contrast to the certainty of [Sarver's] expert, a board-certified orthopedic surgeon, who did not relate the complaint of a lumbar injury to the accident.
>
> Generally, a new trial is [] appropriate only when the jury's verdict is so against the weight of the evidence as to shock one's sense of justice and a new trial is, therefore, required to rectify that manifest wrong. Consequently, a court is not required to consider the evidence in the light most favorable to the verdict winner when considering whether a verdict might be against the weight of the evidence. Where the evidence is conflicting and the fact-finder could have decided in favor of either party, a new trial will not be granted on the ground that the verdict was against the weight of the evidence. **See, Lanning v. West**, 803 A.2d 753 (Pa. Super. 2002)[;] **S.N.T. Industries, Inc. v. Geanopulos**, 363 Pa. Super. 97, 525 A.2d 736 (1987), *app.*

> *den.* 520 Pa. 577, 549 A.2d 137 (1988). The factual record in this case did not compel the grant of a new trial as to damages.

*Id.* at 5-6.

The Majority rejects the trial court's reliance on *Majczyk*, finding *Marsh* more factually similar and controlling. However, as this Court recognized in *Marsh*, that case "involved more than a minor rear-end collision. Appellant's car was struck twice on the driver's side. An ambulance transported [Marsh] to the hospital; she suffered injuries which required her to take medications; her symptoms did not ameliorate for almost six months, and she lost considerable time from work." *Marsh*, 856 A.2d at 140. Therefore, we held the case was controlled by *Burnhauser v. Bumberger*, 745 A.2d 1256 (Pa. Super. 2000), where a zero award for pain and suffering "bore no reasonable relationship to the loss suffered in a head-on collision, soft tissue injuries with pain that lasted for 6 months." *Id.*

I believe this case is more analogous to *Majczyk* and *Davis v. Mullen*, 773 A.2d 764 (Pa. 2001). In *Davis*, a jury awarded the plaintiff a sum that equaled his medical expenses and property damage resulting from an automobile accident. The trial court denied the plaintiff's motion for a new trial based on weight of the evidence. Our Court reversed—finding the damage award was inconsistent with the evidence presented, vacated the

judgment, and remanded for new trial.[2]  Our Supreme Court reversed, concluding that "the trial court properly exercised its discretion when it denied Davis' motion for a new trial because there was a reasonable basis for the jury [to] believe: (1) that Davis did not suffer pain and/or (2) that his alleged injury was not caused by the negligence of the defendant." *Id.* at 770.  Our Supreme Court reiterated:

> In reviewing an order denying a motion for a new trial, an appellate court should not set aside a trial court's decision unless the trial court's decision was an abuse of discretion.  A new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice and not where the evidence is conflicting or where the trial judge would have reached a different conclusion on the same facts.
>
> We have held that it is the duty of the trial court to control the amount of the verdict; it is in possession of all the facts as well as the atmosphere of the case, which will enable it to do more evenhanded justice between the parties than can an appellate court.  Thus, a jury verdict is set aside for inadequacy when it appears to have been the product of passion, prejudice, partiality, or corruption, or where it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff.  Hence, a "reversal on grounds of inadequacy of the verdict is appropriate only where the injustice of the verdict stands forth like a beacon."  *Hawley v. Donahoo*, 416 Pa.Super. 469, 611 A.2d 311, 312 (1992).

*Id.* at 766 (some citations and internal quotations omitted; brackets removed).  *See also Gold v. Rosen*, 135 A.3d 1039, 1044 (Pa. Super.

_____

[2] *See Davis v. Mullen*, 755 A.2d 693 (Pa. Super. 2000).

2016) (affirming denial of new trial following award of zero damages for pain and suffering for a relatively minor accident and stating, "While the jury's verdict slip indicates that it concluded Rosen's negligence caused some harm to Gold, it did not find such harm significant enough to warrant a monetary award, and it is within a jury's purview to make such an essential determination."); *Van Kirk v. O'Toole*, 857 A.2d 183, 185 (Pa. Super. 2004) (affirming denial of motion for new trial following award of zero damages for neck and back strain and sprain and noting that "[t]he real test is whether the uncontroverted injuries are such that a conclusion that they are so minor that no compensation is warranted defies common sense and logic.").

Based on my review of the trial testimony, I conclude the trial court did not abuse its discretion by denying a new trial on the grounds that the verdict was against the weight of the evidence. As the trial court recognized, Amadou's own testimony could have led the jury to conclude that the impact and resulting injury from this minor rear-end collision were insubstantial or non-existent.[3] Moreover, testimony from his treating chiropractor, Dr. Novak, revealed that he had treated Amadou in 2000. N.T. Videotaped Deposition, 12/17/13, at 38. In addition, x-rays from the date

---

[3] *Cf. Casselli v. Powlen*, 937 A.2d 1137, 1147 (Pa. Super. 2007) (trial court erred by denying a new trial based on weight of the evidence following an award of zero dollars when evidence revealed the appellant suffered a broken bone in his foot due to appellee's negligence).

of the accident revealed loss of curvature of the spine, indicating a pre-existing condition and degenerative changes. *Id.* at 21-22, 91. Dr. Novak's treatments addressed complaints in the cervical and thoracic areas of Amadou's spine but not in the lumbar area. *Id.* at 21-22, 60, 75. However, Amadou registered complaints of lumbar pain when examined by Sarver's expert orthopedic surgeon, Dr. Levy, and Amadou reported to Dr. Levy that he had previously been injured in a car accident, for which he sought chiropractic care. N.T. Videotaped Deposition, 12/18/13, at 12-13, 15.

It is well settled that "the power to grant or deny a new trial lies inherently with the trial court, and we will not reverse its decision absent a clear abuse of discretion or error of law which controlled the outcome of the case." *Johnson v. Frazier*, 787 A.3d 433, 435 (Pa. Super. 2001). I find no abuse of discretion or error of law in the trial court's conclusion that the record in this case did not compel the grant of a new trial as to damages. Therefore, I dissent from the Majority's award of a new trial on damages to Amadou.